No. 27,065.

JOHN H. RIDDLE, *Appellee*, v. HIGLEY MOTOR COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

NEGLIGENCE—*Recovery Under Workmen's Compensation Act No Defense.* In an action brought on account of personal injuries received as the result of the defendant's negligence, a demurrer is properly sustained to an answer stating that the plaintiff has already made a claim on account thereof under the workmen's compensation statute against his employer, has effected a settlement thereof and has received payment in accordance therewith.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed January 8, 1927. Affirmed.

*A. L. Berger*, of Kansas City, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

MASON, J.: John H. Riddle sued the Higley Motor Company on account of personal injury claimed to have been caused by the negligence of one of its truck drivers. The defendant among other matters alleged in its answer as a separate defense that at the time the plaintiff claimed to have been injured he was in the employ of the Wyandotte County Gas Company; that he made a claim under the workmen's compensation act against that company on account of the same injury; that the claim was adjusted by an agreement between himself and the company by which he received $900 in full settlement; and that by reason thereof he was precluded from maintaining the action against the defendant. A demurrer to this part of the answer was sustained, and this appeal is taken from that ruling.

The case is controlled, and an affirmance is required, by the decision in *Moeser v. Shunk*, 116 Kan. 247, 226 Pac. 784. There a similar defense in an action for damages for negligently causing a death was held to be demurrable. The plaintiff had received money upon the basis of the compensation act, but under an agreement with the employer and an insurer that it should be returned if recovery was had against the defendant, but should be credited on the claim for compensation if the employer should be held liable therefor. It was specifically recited in the agreement that the plaintiff

Workmen's Compensation Acts, C. J. p. 139 n. 87.

Riddle v. Higley Motor Co.

did not thereby intend to accept compensation under the statute. A distinction between that case and this might be made on account of the terms of this contract, were it not for the fact that in arriving at the decision the court expressly and specifically treated the transaction to which it related as in effect a settlement between the employer and employee under the compensation act. In the opinion it was said:

"When the employer and the one entitled to compensation agree upon the amount to be paid and the time of its payment, there is no necessity for court proceedings. Here the employer and his insurer agreed to pay the maximum amount for a death claim under the compensation act, and to pay it in substantial conformity to the requirements of the act, and under that agreement the insurer has paid, and plaintiff has received, a substantial sum. It is difficult to say this was not in effect a settlement under the compensation act, and since defendant desires it to be so treated, we shall, for the purpose of this decision, so regard it. But the question still remains, Why should that concern the defendant in this case any more than the amount of property plaintiff inherited from her husband at the time of his death, or the amount of life, health or accident insurance he left her? If defendant's negligence was the cause of the death of plaintiff's husband, defendant is liable to plaintiff in damages. That is the issue for trial in this case, and the court does not have before it other property rights of the plaintiff. After a judgment is obtained by plaintiff against defendant in this case—if one be obtained—and defendant is ready to pay the judgment, then it will be proper for defendant to inquire if Hamilton [the employer] or his insurer is entitled to the money, but until that time defendant has no concern with the contract of employment between plaintiff's husband and his employer, nor with the contract pleaded." (p. 258.)

In the portion of the opinion preceding this quotation the bearing of the statutes and of earlier cases are fully discussed. The sustaining in the present case of the demurrer to the part of the defendant's answer relating to the settlement of the claim against the employer accords with the prior decision and results in no injustice. The plaintiff can as the result of a judgment in his favor herein receive and retain no more than he is entitled to—the amount of damage he is found to have suffered by the fault of the defendant. The defendant will be required to pay no more than he is liable for on this account. And the employer, whose liability is not based on fault, can receive no more than reimbursement for the payment of the liability imposed upon it by the statute. As said in the part of the opinion quoted, until a judgment is rendered against the defendant which he is ready to pay he has no concern with the arrangement between the plaintiff and the employer.

The judgment is affirmed.