No. 40,074

King S. Barker, *Appellee*, v. Roger A. W. Zeckser, Kenneth Miller and Employers Mutual Casualty Company, a Corporation, *Appellants*.

(296 P. 2d 1085)

Opinion filed May 5, 1956.

*David H. Fisher*, of Topeka, argued the cause, and *Donald Patterson*, of Topeka, was with him on the briefs for the appellants.

*William Hergenreter*, of Topeka, argued the cause, and *Wendell L. Garlinghouse* and *Warren W. Shaw*, both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This was an action, commenced within one year from the date of the accident, to recover damages for personal injuries and property damage sustained by the plaintiff in a collision between two motor vehicles on a public highway. The appeal is from an order sustaining plaintiff's motion to strike portions of the defendants' answer.

The amended petition is not in controversy and need only be detailed for the purpose of defining the issues. To that end it may be said it charges the proximate cause of all damages sustained and claimed by plaintiff was due to divers acts of negligence on the part of defendant Zeckser, the defendant Miller's truck driver, in driving into plaintiff's truck and house trailer, while overtaking and attempting to pass those vehicles on a public highway, at a

time when the Miller truck was operating under state license as a contract carrier and covered by insurance with the defendant Employers Mutual Casualty Company.

In a general way it can be stated that the first five paragraphs of the answer of defendants, Zeckser, Miller and Employers Mutual Casualty Company, consist of immaterial admissions and a general denial, specific denials that the negligence of Zeckser was the proximate cause of the collision and that plaintiff was the owner or had an interest in the truck he was driving at the time of the accident, allegations that if plaintiff sustained any injuries as the result of the collision the proximate cause thereof was due solely to his own negligence, and averments that if plaintiff was the owner or had an interest in the truck he was driving at the time of the accident he had sustained no damage thereby and had been fully compensated therefor by the Liberty Mutual Insurance Company, or others; and that the sixth and final paragraph of such pleading reads:

"Defendants, and each of them, further allege that the plaintiff herein was, on the 19th day of May, 1954, an employee of Pittsburgh-Des Moines Steel Company, and was on said date carrying on the business or work of said company and that as a result of said collision and injuries, if any, received by the plaintiff, plaintiff has been and is entitled to the benefits of the Kansas Workmen's Compensation Act, and has been furnished medical and hospital expenses by the said Pittsburgh-Des Moines Steel Company, his employer, or the Liberty Mutual Insurance Company, the compensation carrier for said company. That said medical expenses, as alleged in paragraph 6 of the Third Amended Petition, have been furnished to the plaintiff by said Pittsburgh-Des Moines Steel Company and/or the Liberty Mutual Insurance Company, its compensation carrier, and said further medical expense will be furnished to the plaintiff by said companies in accordance with G. S. 1949, 44-510. That by reason of said payments of medical or furnishing medical to the plaintiff and by reason of the injuries as alleged in said paragraph 6 of the third amended petition, the said Pittsburgh-Des Moines Steel Company and/or Liberty Mutual Insurance Company are subrogated to said payments including payments of compensation to the plaintiff and including payments for injuries, if any, which the plaintiff sustained, by reason of 1949 G. S. 44-504. That under the provisions of said statute, the Pittsburgh-Des Moines Steel Company and the Liberty Mutual Insurance Company have a lien on any claim for injuries or medical expense as alleged in said third amended petition. Defendants and each of them further allege that on the 30th day of December, 1954, said Liberty Mutual Insurance Company did make written demand on the defendants, and each of them, claiming said right of subrogation against any amount which the plaintiff herein might recover for medical, doctor, hospital expenses, personal injuries and pain and suffering. That by reason of said demand of the Liberty Mutual Insurance Company, the defendants, and each of them, are not liable

to the plaintiff for any injuries, medical expense, past and future, and pain and suffering, as alleged in said third amended petition."

Following the filing of the foregoing answer plaintiff moved to strike paragraph six, heretofore quoted, from that pleading on grounds the allegations contained therein were irrelevant and immaterial, stated no defense to plaintiff's cause of action and were pleaded solely for prejudicial purposes. When this motion was sustained defendants perfected the instant appeal.

Stated in highly summarized form the essence of all contentions advanced by appellants in support of their position the trial court erred in sustaining the motion to strike paragraph 6 of their answer is that, under and by virtue of the provisions of G. S. 1949, 44-504, where an employee and his employer are within the provisions of the workmen's compensation act and the employee, injured by the negligence of a third person, brings an action to recover damages for injuries sustained as the result of such negligence, the allegations set forth in such paragraph of the answer constitute a defense in the action brought by the employee against the negligent third person and his insurance carrier.

Pertinent portions of the statute, G. S. 1949, 44-504, relied on by appellants to sustain their position read:

"When the injury . . . for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman . . . shall have the right to take compensation under the act and pursue his . . . remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, . . . by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, . . . Failure on the part of the injured workman, . . . to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman . . . may have against any other party for such injury . . . and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives for their benefit as their interest may appear by proper action in any court of competent jurisdiction."

We think the sole issue thus raised on appellate review is controlled, and therefore decided, by our recent decision of *Davison*

*v. Eby Construction Co.*, 169 Kan. 256, 218 P. 2d 219, where it is said:

"A workman under the compensation act, who during his employment sustained accidental injury alleged to have been caused by the negligence of a party other than his employer may recover compensation from his employer and bring a common-law action against the other party for his injuries. In such action the employer or his insurance carrier is not a proper party, and the compensation proceeding has no place in the pleadings or evidence in a common-law action." (Syl. ¶ 2)

And in the opinion said:

"Under this statute Davison (the employee) had a right to claim compensation from Ebasco (the employer) and its insurer and to maintain his action against Eby (the negligent third party) for damages. The action against Eby was brought within a year, hence there could be no assignment of Davison's claim in tort against Eby. Since Davison recovered on his claim against Ebasco and its insurer for compensation, Ebasco was entitled to subrogation for the amount his insurer paid for him, and that claim of subrogation was made in a notice given by the insurer to Eby.

"Since Davison had authority under the statute above mentioned to receive compensation from Ebasco, and at the same time maintain an action in tort against one not his employer, the fact that he did claim and received compensation under the compensation act from Ebasco is of no concern to Eby in this action. The trial court correctly ruled in striking his alternative motion and also in striking the portions of the answer which pertained to plaintiff's recovery of compensation from Ebasco . . ." (p. 261.)

Assuming *arguendo,* as appellants contend, the facts in *Davison v. Eby Construction Co.*, supra, are of such nature as to distinguish it from the case at bar does not lead to or warrant a conclusion the trial court erred in sustaining the involved motion to strike. The issue here raised by appellants was long ago laid to rest and determined by this court in the early case of *Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784, where the provisions of the statute then in force and effect were substantially the same as they are now. There, in dealing with similar facts and circumstances, we held:

"In such a situation the fact that the employee has proceeded to obtain compensation from his employer, by settlement or otherwise, is no defense to the action for damages, nor can that fact be shown by the defendant upon the trial of such action." (Syl. ¶ 4.)

And in the opinion, with specific reference to whether facts and circumstances of the kind here involved could be pleaded as a defense to a like action, said:

". . . But the question still remains, Why should that concern the defendant in this case any more than the amount of property plaintiff inherited

from her husband at the time of his death, or the amount of life, health or accident insurance he left her? If defendant's negligence was the cause of the death of plaintiff's husband, defendant is liable to plaintiff in damages. That is the issue for trial in this case, and the court does not have before it other property rights of the plaintiff. *After a judgment is obtained by plaintiff against defendant in this case—if one be obtained—and defendant is ready to pay the judgment, then it will be proper for defendant to inquire if Hamilton or his insurer is entitled to the money, but until that time defendant has no concern with the contract of employment between plaintiff's husband and his employer, nor with the contract pleaded."* (p. 259.) (Emphasis supplied.)

For numerous other decisions sustaining the views expressed in *Moeser v. Shunk,* supra, as well as *Davison v. Eby Construction Co.,* supra, see *Riddle v. Higley Motor Co.,* 122 Kan. 458, 252 Pac. 231; *Jolley v. United Power & Light Corp.,* 131 Kan. 102, 105, 289 Pac. 962; *Early v. Burt,* 134 Kan. 445, 453, 455, 7 P. 2d 95; *Acock v. Kansas City Power & Light Co.,* 135 Kan. 389, 394, 10 P. 2d 877; *Cooke v. Bunten,* 135 Kan. 558, 11 P. 2d 1016; *Long v. American Employers Ins. Co.,* 148 Kan. 520, 525, 83 P. 2d 674; *Pattrick v. Riggs,* 148 Kan. 741, 84 P. 2d 840.

See, also, the recent case of *Clifford v. Eacrett,* 163 Kan. 471, 183 P. 2d 861, where it is said:

"The fact a workman has received compensation from his employer for the same injury constitutes no defense, or partial defense, to a negligent third party in an action against him by the workman for damages . . ." (p. 477.)

Appellants cite no cases from this jurisdiction where it has been held that allegations such as are contained in paragraph 6 of their answer constitute a defense to an action where an employee, having the exclusive right to do so under the statute, brings an action against a negligent third party within one year from the date on which he sustained injuries as the result of such negligence; and when considered we find nothing in other arguments made by them sufficient to warrant conclusions contrary to those announced in the foregoing decisions. Therefore we hold that the trial court committed no error in sustaining the involved motion to strike.

The judgment is affirmed.