No. 41,412

Robert Lee Walta, *Appellee,* v. Bayer Construction Co., Inc., A Corporation, *Appellant.*

(345 P. 2d 631)

Opinion filed November 7, 1959.

*Harold E. Doherty,* of Topeka, and *Charles Arthur,* of Manhattan, were on the brief for the appellant.

*Lee Hornbaker,* of Junction City, argued the cause, and *H. W. Harper,* of Junction City, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an action to recover for personal injuries. Defendant appeals from an order striking portions of its amended answer.

Briefly stated, the facts related by the petition are as follow:

Plaintiff was an employee of the Hunter & Lundberg Construction Company, which was engaged in constructing a student dormitory at Manhattan. The company found it necessary to lift and move some steel beams on the project. The Bayer Construction Company, defendant herein, owned machinery which could be used for such purpose. Plaintiff's employer requested defendant to send one of its machines and an operator to move the beams. Defendant complied. The operator's name was Taylor. While Taylor was using the machine to lower a piece of steel into place the boom on the backhoe fell and hit plaintiff, causing severe injuries. This occurred on July 31, 1956. This action was filed on July 30, 1957, and it is alleged that at the time and place in question defendant company was in the exclusive control and management of the machine, and that Taylor was working as the agent, servant and employee of defendant company.

In its amended answer defendant, among other defenses, alleged (7) that plaintiff assumed the risk of his employment; (9) that plaintiff's injuries were caused solely by the negligence of plaintiff's fellow servants in the employ of plaintiff's employer, and (8) that plaintiff and his employer were operating under the workmen's compensation act and that plaintiff had received, or was receiving, all benefits to which he was entitled under the act.

Plaintiff's motion to strike the foregoing defenses was sustained and defendant has appealed.

The specifications of error are that the court erred in striking parts of the answer and in striking parts of the amended answer.

The notice of appeal, however, does not include the earlier ruling striking portions of the answer, and therefore that order is not subject to review even though specified as error. (*Borgen v. Wiglesworth,* 185 Kan. 108, 110, 111, 340 P. 2d 365.)

As before stated, those portions of the amended answer which were stricken raised the defenses of assumption of risk, the fellow servant rule, and the fact that plaintiff had received workmen's compensation for his injuries.

Questions relating to the two first-mentioned matters, being neither briefed nor argued, are considered as abandoned. (*Wingerson v. Tucker,* 175 Kan. 538, 540, 265 P. 2d 842.)

This leaves, therefore, but one question, that is—when, under the authority of G. S. 1957 Supp. 44-504, an injured workman, within one year from the date of the injury, brings a common-law action against an alleged negligent third party, may such third party plead the workmen's compensation act as a defense?

The question has been before this court many times—recently in *Davison v. Eby Construction Co.,* 169 Kan. 256, 218 P. 2d 219, and *Barker v. Zeckser,* 179 Kan. 596, 296 P. 2d 1085—and has been answered in the negative. It is unnecessary to repeat what was there said and held. We adhere to those decisions.

The trial court did not err in striking the mentioned defense from the amended answer, and the judgment is affirmed.