No. 42,552

Fred Gorrell, *Appellant,* v. Kansas Power and Light Company, a Kansas Corporation, *Appellee,* Pennsylvania Threshermen and Farmers Mutual Casualty Insurance Company, *Intervenor.*

(369 P. 2d 342)

Opinion filed
March 3, 1962.

*Keith Martin,* of Mission, argued the cause, and *Robert Duncan,* of Atchison, was with him on the brief for the appellant.

*Robert E. Russell,* of Topeka, and *Terrence D. O'Keefe,* of Atchison, argued the cause, and *Harry W. Colmery, James E. Smith, Lawrence D. Munns* and *O. R. Stites, Jr.,* all of Topeka, were with them on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: The controlling question in this case concerns the right of an employer's insurance carrier to intervene and actively participate in the trial of a common-law action for negligence brought by an injured workman within one year from the date of his injuries.

On July 29, 1959, plaintiff workman, Fred Gorrell, an employee of one Barnes, was engaged in painting an apartment house. During the course of his work he came in contact with an uninsulated service wire of the defendant, Kansas Power and Light Company. He fell from his ladder and sustained severe permanent injuries. He filed a claim under the workmen's compensation act and received from his employer's insurance carrier the sum of $22,500 in full settlement of his compensation rights.

On February 8, 1960, he (hereafter referred to as plaintiff), pursuant to the provisions of G. S. 1949, 44-504, as amended, filed a common-law action against the Kansas Power and Light Company (hereafter referred to as defendant) charging negligence. Recovery was sought in the amount of $333,750. Defendant filed an answer denying negligence on its part and alleging contributory negligence.

Prior to the trial the Pennsylvania Threshermen and Farmers Mutual Casualty Insurance Company, the insurance carrier of plaintiff's employer, filed a petition and motion for leave to intervene in the cause so as to assert its lien to the extent of compensation it had paid to plaintiff. While conceding the right of the insurance carrier under the provisions of the applicable statute, G. S. 1959 Supp. 44-504, to intervene to protect its subrogation rights in the event of recovery by plaintiff by judgment, settlement, or otherwise, both plaintiff and defendant objected to *participation* by the insurance carrier in the trial. In fact, plaintiff moved that counsel for the insurance carrier "be excluded from the area of the courtroom where counsel sit and also that they be excluded from any participation in this trial"—his theory being that the jury might get the

impression it was just a lawsuit by the insurance carrier to recover back $22,500, and that the jury would therefore deny recovery because it did not want the "insurance company to get back any money." Although defendant's objections were not as strenuous as those of plaintiff, it nevertheless objected to active participation by the insurance carrier.

After considerable argument on the matter the objections were overruled and the court held that the insurance carrier be permitted to participate in the trial.

In view of the court's ruling it was then stipulated by counsel for plaintiff and the insurance carrier that the latter's subrogation interest was the sum of $22,500, and that in the event plaintiff recovered in the action the insurance carrier would be entitled to "the first $22,500."

In his opening statement to the jury counsel for the insurance carrier stated, among other things:

"Our case rides on Mr. Gorrell's case. In other words, we are in the same boat he is. The only thing is, we have got the first seat in the boat because the first money that is rendered in judgment goes back to us. Consequently, the evidence is that if Mr. Gorrell recovers the amount that Mr. Martin asked for, then the first $22,500.00 comes back to us and you will be so instructed."

Among other things, the jury was instructed that the insurance carrier had paid to plaintiff the sum of $22,500 under the compensation act, and that in the event the verdict was for plaintiff the insurance carrier would receive the first $22,500 of such recovery, or any part thereof.

The jury found that although defendant was negligent in not taping the exposed joints of its wires, plaintiff also was guilty of negligence which contributed to his injury—and denied recovery.

Plaintiff has appealed from the order overruling his motion for a new trial.

Although several specifications of error are urged, the controlling question in this case concerns the right of the insurance carrier to participate in the trial.

The applicable statute, G. S. 1959 Supp. 44-504, provides that when the injury for which compensation is payable was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman shall have the right to take compensation under the act and pursue his remedy by proper action in a court of competent jurisdiction against such third party, and that in the event of recovery from such third

party by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery, and the employer may intervene in any action to protect and enforce such lien. The statute further provides that the action, if brought by the injured workman, must be instituted within one year from the date of the injury, and if prosecuted by dependents or personal representatives of a deceased workman must be instituted within eighteen months from the date of such injury. It further provides that failure on the part of the injured workman or the dependents or personal representatives of a deceased workman to bring such action within the time above specified shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and that such employer may enforce the same in his own name or in the name of the workman, dependents or personal representatives for their benefit, as their interest may appear, by proper action in any court of competent jurisdiction.

Notwithstanding the fact our decisions disclose no case in which the precise question has arisen under facts identical to those here presented, the general principle involved has been decided many times. *Davison v. Eby Construction Co.,* 169 Kan. 256, 218 P. 2d 219; *Barker v. Zeckser,* 179 Kan. 596, 296 P. 2d 1085, and *Walta v. Bayer Construction Co.,* 185 Kan. 408, 345 P. 2d 631, were actions by an injured workman against an alleged negligent third party. In each of those cases the action was filed by the workman within one year from the date of the injury. The respective defendants set up in their answers as a defense that the plaintiff workman had received compensation under the workmen's compensation act. It was held that such allegations constituted no defense and were properly stricken. In the Davison case it was held:

"A workman under the compensation act, who during his employment sustained accidental injury alleged to have been caused by the negligence of a party other than his employer may recover compensation from his employer and bring a common-law action against the other party for his injuries. *In such action the employer or his insurance carrier is not a proper party, and the compensation proceeding has no place in the pleadings or evidence in a common-law action.*" (syl. 2.) (Our emphasis.)

As suggested and urged by defendant, it is quite true that in those cases the compensation feature was sought to be injected by the

alleged negligent third parties, but nevertheless we believe the principle there involved and decided is applicable to the facts before us. This action was commenced within one year from the date of the injury. It was plaintiff's lawsuit, and under the statute, above, he was authorized to bring it. Under the provisions of the statute it is *only* when he *fails* to bring it within the time provided that his employer—or the employer's insurance carrier (see *Turner v. Benton*, 183 Kan. 97, 100, 325 P. 2d 349)—may bring the action. We believe that portion of the statute providing that the employer shall be subrogated to the extent of the compensation and medical aid provided by him to the date of recovery, and that he shall have a lien therefor against such recovery and may intervene in the action to protect and enforce such lien, means that the employer or the insurance carrier is given the right to file with the court a notice of its lien so as to protect its subrogation rights in the event of recovery by judgment, settlement, or otherwise, but that it does *not* mean that the employer or insurance carrier may *actively participate* in the injured workman's action.

Notwithstanding the fact that it was to the insurance carrier's interest that a large verdict—at least to the extent of $22,500—be recovered, and thus the "interests" of plaintiff and the insurance carrier may be deemed to have been the "same," we believe that it was error for the court to permit the insurance carrier actively to participate in the trial. As previously stated, this was plaintiff's lawsuit and the insurance coverage under the compensation act had no place in the pleadings or the evidence. Some question is raised by defendant as to plaintiff's "acquiescence," his failure to object to examination and cross-examination of witnesses by counsel for the insurance carrier, and to instructions—all of which, it is contended, amounted to "invited error." Under the facts, however, and in view of the court's ruling in the matter, such contention cannot be sustained.

Several other matters are argued, but in view of our conclusion require no discussion. The extent of our holding is that the insurance carrier was erroneously permitted to actively participate in the trial of this action, and for that reason the judgment is reversed with directions to grant a new trial.