Ronald Dewayne BEACH, Plaintiff,

v.

M & N MODERN HYDRAULIC PRESS CO., Defendant and Third-Party Plaintiff.

MONROE CITY TOOL AND DIE CO. and Kuhlman Diecasting Company, Additional Defendants,

v.

MONROE CITY TOOL AND DIE CO. and Kuhlman Diecasting Company, Third-Party Defendants.

Civ. A. No. 75–92–C2.

United States District Court, D. Kansas.

March 14, 1977.

958

Gene P. Graham, Graham, Paden, Welch, Martin & Tittle, Independence, Mo., Frank D. Covell, Mission, Kan., for plaintiff.

John J. Jurcyk, Jr., McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendant M & N Modern Hydraulic Press Co.

Lynn M. Snelgrove, Logan, Alder & Wilson, Overland Park, Kan., Arthur W. Douville, Thomas P. Fay, Kansas City, Mo., for defendants Kuhlman Diecasting Co. and Monroe City Tool and Die Co.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

### INTRODUCTION

Plaintiff became an employee of Kuhlman Diecasting Company on approximately January 23, 1975. On January 30, 1975, plaintiff was operating a hydraulic press manufactured by M & N Modern Hydraulic Press Company (M & N). While plaintiff had his left arm and right hand under the ramhead of the press, and while in the process of removing a trimmed diecasting, the ramhead descended upon his left arm and right hand. The left arm was amputated at the elbow and the plaintiff also lost at least part of four fingers on his right hand.

It appears to be undisputed that the plaintiff's injuries occurred in the course of his employment with Kuhlman Diecasting and that the injuries were within the scope of the Kansas Workmen's Compensation Act (KWCA). Thus, under K.S.A. § 44-501, plaintiff's exclusive remedy against his employer was to file a claim for compensation under KWCA. Plaintiff did so and recovered seventeen thousand dollars ($17,000.00).

Plaintiff then filed this suit against M & N. Diversity of citizenship under 28 U.S.C. § 1332 provides federal jurisdiction. Plaintiff asks for $1,500,000 in damages and relies upon alternative theories; (1) negligence under the doctrine of *res ipsa loquitur*; and (2) strict liability, alleging that the diecasting press is an unreasonably dangerous product which was defective.

M & N has caused the employer, Kuhlman Diecasting (Kuhlman), and Monroe City Tool and Die Company (Monroe), the alleged owner of the diecasting machine at the time of the accident, to be added as parties. First, M & N has joined Kuhlman and Monroe as third-party defendants, alleging that due to their negligence they may be liable to M & N for anything which M & N may be found liable to plaintiff. Second, M & N has joined Monroe and Kuhlman as original defendants under the Kansas Comparative Negligence statute [K.S.A. § 60-258a(c)].[1]

Kuhlman has filed motions to dismiss both as to the original complaint and the third-party complaint. The basis for these motions is Kuhlman's contention that its liability is governed exclusively by K.S.A. § 44-501 and that it cannot be liable either to plaintiff or to M & N for anything other than the workmen's compensation claims which it has already paid. At the request of Kuhlman, the court stayed all further discovery pending rulings on these motions to dismiss.

Monroe has filed an answer to the original petition along with a cross-claim against

1. M & N and Kuhlman have both discussed the question of whether the comparative negligence statute applies to the doctrine of "strict liability". Although this is an issue which may well have to be resolved prior to trial, it need not be decided at this time since the plaintiff is proceeding under alternative theories.

M & N, and an answer to the third-party complaint along with a counter-claim against M & N. The cross-claim and counter-claim alleged that if Monroe is in any manner held liable to the plaintiff, it is entitled to indemnity for such liability from M & N. There are no motions now pending which relate to Monroe.

Finally Kuhlman and Employers Mutual Liability Insurance Company (who apparently paid the plaintiff the $17,000 on the workmen's compensation claim), have filed a motion to intervene. Under K.S.A. § 44–504 the employer and insurance company have a lien, up to the amount they have paid to the plaintiff in workmen's compensation benefits, upon any amount recovered by the employee-plaintiff from a third-party.

## MOTION TO INTERVENE

■ There is no doubt that Kuhlman and Employers Mutual have the right to intervene in order to protect their statutory lien. The motion to intervene is therefore sustained. It is also clear, however, that their status as intervenors is very limited and does not allow them the privilege of participating at trial. *Gorrell v. Kansas Power & Light Co.,* 189 Kan. 374, 369 P.2d 342 (1962). This is the plaintiff's lawsuit, and he should take it to the jury without any assistance or hindrance from the intervenors.

## MOTIONS TO DISMISS

■ It has long been the law of Kansas that an employer's liability for injury to his employee is limited exclusively to compensation paid by the employer to the employee under the Workmen's Compensation Act. Where the injury and the (employer-employee) relationship fall within the scope of the act, the employer is not a proper defendant in a lawsuit seeking damages for the injury to the employee. *Phoenix Indemnity Co. v. Barton Torpedo Co.,* 137 Kan. 92, 19 P.2d 739 (1933); *Whitaker v. Douglas,* 179 Kan. 64, 292 P.2d 688 (1956). K.S.A.1975 Supp. § 44–501 reads in pertinent part:

"Except as provided in the workmen's compensation act, no such employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable thereunder."

■ Even though the liability of the employer is so limited, the employee can still bring an action against and recover damages from a negligent third party. *Pattrick v. Riggs,* 148 Kan. 741, 84 P.2d 840 (1938); *Barker v. Zeckser,* 179 Kan. 596, 296 P.2d 1085 (1956). K.S.A. § 44–504(a) states:

"(a) When the injury or death for which compensation is payable under the workmen's compensation act was caused under circumstances creating a legal liability against some person other than the employer or any person in the same employ to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the workmen's compensation act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person."

■ If the employee does recover a judgment against a third party, the employer and its insurance company have a lien against the judgment in the amount of any compensation payments made to the employee:

"In the event of recovery from such other person by the injured workman or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to the date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien." K.S.A. § 44–504(b).

The case of *Houk v. Arrow Drilling Co.,* 201 Kan. 81, 439 P.2d 146 (1968), is similar to this case in several respects and is crucial for our consideration. In *Houk* the plaintiff, after recovering workmen's compensation payments from his immediate employer, "Jake's Crew", sued Arrow for damages resulting from the same injury. Arrow

counterclaimed against Jake's Crew claiming that its negligence was at least in part the cause of plaintiff's injuries.

The trial court found that Jake's Crew was indeed the "employer" of the plaintiff within the meaning of the Workmen's Compensation Act. The court then granted the motion of Jake's Crew for summary judgment, reasoning that § 44–501 prevented *any* recovery against Jake's Crew other than what plaintiff had already received under the KWCA.

At trial, the jury was specially instructed to determine the total amount of damages suffered by the plaintiff, and whether the injury was sustained due to (1) Arrow's negligence; (2) the negligence of Jake's Crew; (3) the combined negligence of both Arrow and Jake's Crew; or (4) the combined negligence of Arrow, Jake's Crew, and plaintiff. The jury chose the third alternative.

In an apparent effort to rectify what he perceived as inequities in the statutory system, the trial judge ordered: (1) that judgment be entered for the plaintiff and against Arrow for the total amount of damages found by the jury *minus* the amount the plaintiff had already received from Jake's Crew in workmen's compensation payments; and (2) that Jake's Crew could not enforce its lien (under § 44–504) to recoup the compensation payments it had made to the plaintiff.

The Kansas Supreme Court reversed and directed that judgment be entered against Arrow for the total amount of damages found by the jury and that Jake's Crew be allowed to enforce the lien. The following excerpts from (now Chief) Justice Fatzer's opinion seem to be pertinent to the instant case:

"The statute has been analyzed and construed many times and it has been held that the Workmen's compensation Act did not abrogate the common-law and statutory right of action against a negligent third party. (*Roda v. Williams, supra* [195 Kan. 507, 407 P.2d 471].) Further, section 44–501 fixes the liability of an employer to his employee where both parties are under the Act. The liability is in no sense founded upon tort, but is based upon the contract of employment and the statute, the terms of which are embodied in the contract. In short, the liability of an employer under 44–501 to provide compensation and medical aid to an employee injured in the course of his employment supersedes the employer's common-law liability for negligence. However, the Act does not attempt in any way to determine the rights of the employee with respect to the legal liability of 'some person other than the employer' to pay damages, but permits the employee to pursue his common-law right of action for negligence caused by such 'some other person.' (*Moeser v. Shunk,* 116 Kan. 247, 226 P. 784; *Davis v. Reed, supra* [188 Kan. 159, 360 P.2d 847]; *Roda v. Williams, supra; Rumbaugh v. Vonfeldt,* 190 Kan. 798, 378 P.2d 5; *Terrell v. Ready Mixed Concrete Co.,* 174 Kan. 633, 258 P.2d 275; *Klein v. Wells, supra* [194 Kan. 528, 400 P.2d 1002]; *Sundgren v. Topeka Transportation Co., supra* [178 Kan. 83, 283 P.2d 444].)

Giving consideration to the foregoing, the district court's submission of Jake's Crew's negligence to the jury was clearly improper.

In the second place, we must assume the court was aware that Jake's Crew sustained no tort liability to the plaintiff by reason of its negligence, if any, and the only possible reason it could have had in submitting special question 1 c, with respect to Jake's Crew, was that it concluded it would be inequitable and unjust to permit Jake's Crew to enforce its monetary lien in the litigation in the event the jury found its negligence proximately contributed to the accident. In the third place, assuming, *arguendo,* Jake's Crew was negligent, such a finding, if supported by competent evidence, would not abrogate its right to subrogation. The statute does not limit the employer's

right therefor to those cases where the employer is shown to be free of negligence. It expressly declares otherwise; that is, that the employer 'shall have a lien therefor against such recovery and . . . may intervene in any action to protect and enforce such lien.'

Furthermore, Jake's Crew's liability to the plaintiff was statutory and contractual, while Arrow's liability to him was based upon negligence—tort liability—hence, Jake's Crew sustained no liability in common with Arrow and under no circumstances would it be liable for contribution."

## MOTION TO DISMISS THIRD–PARTY COMPLAINT

We return at last to the case at hand and consider first Kuhlman's motion to dismiss the third-party complaint against it. M & N alleges that Kuhlman (and Monroe) failed to adequately train the plaintiff, supervise the plaintiff, provide him with a safe place to work, and properly maintain, service, and inspect the diecasting machine. Therefore M & N reasons that if it is liable to plaintiff, Kuhlman is liable to it for all or part of plaintiff's claim.

M & N contends *Houk* is not a binding precedent because the Kansas Supreme Court did not directly review the order of the trial court granting the motion for summary judgment of Jake's Crew as to the third-party complaint filed against it. We disagree with this interpretation. Although Justice Fatzer did not discuss this point in detail, we believe that the court was of the view that once Jake's Crew had been determined to be plaintiff's employer within the meaning of the KWCA, Jake's Crew could not be liable to plaintiff or to Arrow, or to anyone, for its negligence which contributed to plaintiff's injuries. This is the only logical conclusion. It would make little sense to have a statute which does not allow the employee to sue the employer, but does permit the employee to sue a third party, if the third party could nonetheless escape liability by impleading the employer.

■ We hold that under the exclusionary provisions of K.S.A. § 44–501 the employer is not liable in a lawsuit, to the plaintiff-employee or to any third party, for the employer's breach of a legal duty owed to the employee. This holding appears to be in accord with case law construing workmen's compensation statutes in other states.[2]

This does not end the inquiry, however, since M & N raises and relies heavily upon a previous decision of this court, *Hickman v. Fairleigh,* # T–4718, (order of June 25, 1970, a copy of which is attached to M & N's brief in opposition to these motions). We believe that the opinion of Judge Templar in *Hickman* is well reasoned and we adhere to it.

In *Hickman* the defendant Fairleigh filed a third-party complaint against the employer Green and the court denied Green's motion for summary judgment. But the key factor was that the *third-party complaint alleged the violation of an independent legal obligation owed by the employer Green to the defendant Fairleigh* and not merely that Green (was negligent and thereby) violated a legal duty owed to the plaintiff-employee:

"(But) here, it is alleged and claimed by Third-Party Plaintiff that Green had impliedly contracted with it to do the work undertaken with reasonable and appropriate care and skill. The failure of Green to comply with this warranty, it is

---

2. In the *Peak Drilling* case, *infra,* 215 F.2d 368, at 371, the Tenth Circuit stated:

"But the exclusionary provisions of workmen's and longshoremen's acts have been consistently construed to preclude the right of indemnity to one negligently liable to an employee of an employer in the absence of some independent contractual relationship creating a duty on the part of the employer to indemnify. *American Mutual Liability Insurance Co. v. Matthews,* 2nd Cir., 182 F.2d 322; *LoBue v. United States,* 2nd Cir., 188 F.2d 800; *Crawford v. Pope & Talbot, Inc.,* 3rd Cir., 206 F.2d 784; *Hunsucker v. High Point Bending & Chair Co.,* 237 N.C. 559, 75 S.E.2d 768."

alleged, caused plaintiff's injuries and damage. It is claimed that breach of Green's independent duty to Fairleigh, the owner, created a right in Fairleigh to recover over against Green for the breach of the legal obligation he owed Fairleigh. That such an obligation can exist under Kansas law seems sustained by the case of *Crabb v. Swindler,* 184 Kan. 501, 337 P.2d 986, and authorities cited at page 505 of the opinion.

. . . . .

There [*Pittsburgh-Des Moines Steel Co. v. American Surety,* 365 F.2d 412 (10th Cir. 1966)], the court said that the Wyoming compensation act does not serve to insulate the employer from the indemnity action where the claim is made because of some independent duty owed by the employer to the property owner against whom the employee brings an action based on negligence. Neither does the Kansas statute do so.

. . . . .

This ruling is based exclusively on the premise that Third-Party Plaintiff must sustain by proof the contract as pleaded, the breach of the implied contract as claimed, and its casual connection with Third-Party Plaintiff's liability to plaintiff Hickman."

M & N apparently argues that it need not demonstrate an independent legal obligation owed to it by Kuhlman, but can recover against Kuhlman perhaps by merely showing that Kuhlman's negligence was greater than that of M & N. In support of this contention M & N quotes the following language from *Hickman*:

"After analyzing *Peak Drilling Co. v. Haliburton [Halliburton] Oil Well Cement*

Co., 215 F.2d 368 (10th Cir. 1954), and *Hill Lines, Inc. v. Pittsburgh Plate Glass Co.,* 222 F.2d 854 (10th Cir. 1955), both opinions by Judge Murrah, the conclusion must be reached that the Tenth Circuit Court of Appeals is committed to sustain the rule allowing indemnity to a passively or constructively negligent person against an actively negligent employer even in the face of exclusionary provisions of the workmen's compensation or comparable acts (222 F.2d, p. 856), unless expressly prohibited by statute."

This language is taken completely out of context and the argument is without merit. Immediately preceding the quoted language, Judge Templar said:

". . . if this third-party action was based on a tort claim, it would present no difficulty. The claim of Fairleigh, however, is based on what it claims was a breach of implied warranty by Green, a claim arising out of a contract."

In both *Peak Drilling* and *Hill Lines,* summary judgment in favor of the employer was granted upon a finding that no independent legal obligation which would give rise to a right of indemnity existed between the employer and defendant.[3] The *Pittsburgh-Des Moines* case was based upon a written contract between the employer and defendant providing for indemnity. In *Peak Drilling* the Tenth Circuit quoted with approval *Slattery v. Marra Bros.,* 186 F.2d 134 at 139 (2nd Cir. 1951), where the Second Circuit could find no "sure authority for saying that differences in the degrees of fault between two tortfeasors will without more strip one of them, if he is an employer, of the protection of a compensation act . . . ."[4]

---

3. "Indemnity thus turns on the kind and character, not the comparative degree of negligence which caused the injury. And, it necessarily arises out of an independent legal relationship, under which the indemnitor owes a duty either in contract or tort to the indemnitee apart from the joint duty they owe to the injured party." *Peak Drilling, supra,* 215 F.2d at 370.

4. The *Hickman* decision was subsequently reversed in part, but that reversal does not affect this case. See 459 F.2d 790 (1972). After the

order of June 24, 1970, the court determined that Hickman was a statutory employee of Fairleigh as well as Green and therefore dismissed Hickman's claim against Fairleigh. Green then moved for summary judgment as to Fairleigh's third party claim against him, noting that it was a claim for indemnity, and since Fairleigh had no liability to Hickman, Fairleigh had no basis for seeking indemnity. Fairleigh countered by arguing that the right to indemnity survived to allow him to recover litigation

■ We conclude that in order to state a cause of action against Kuhlman, M & N must allege the existence and violation of an independent legal duty owed by Kuhlman to M & N. The third-party complaint obviously does not do so and therefore the motion to dismiss as to third-party defendant Kuhlman is sustained. M & N is given a period of fourteen days to file an amended third-party complaint against Kuhlman, if it so desires.

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

M & N, the only original defendant to the plaintiff's complaint, has caused Kuhlman and Monroe to be added as additional defendants to the plaintiff's complaint. This rather unique procedure is authorized by the new Kansas comparative negligence statute, K.S.A. § 60–258a(c):[5]

"On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property

damage shall be joined as an additional party to the action."

At the outset it should be noted that in construing this statute we are entering virgin territory. Although the statute has been in effect for more than two years, the Kansas Supreme Court has not yet spoken on any issue regarding comparative negligence. We are unaware of any state which has an identical statute.

For reasons already discussed we do not believe that Kuhlman can under any circumstances be found liable to the plaintiff in this lawsuit. Certainly it cannot be contended that § 60–258a has altered the law concerning workmen's compensation (in fact, the current versions of § 44–501 and § 44–504 were enacted after the effective date of § 60–258a).

M & N does not seriously contest our conclusion, but suggests that Kuhlman should remain in the lawsuit even if it is not liable to plaintiff. The jury would then, under M & N's theory, be instructed under § 60–258a(b) to determine the percentage of negligence attributable to both

expenses. The court denied the motion for summary judgment. The Tenth Circuit reversed, noting that it could find no Kansas law which would entitle Fairleigh to recover his litigation expenses.

5. K.S.A. § 60–258a in its entirety reads: "*Contributory negligence as bar to recovery in civil actions abolished, when; award of damages based on comparative negligence; imputation of negligence, when; special verdicts and findings; joinder of parties; proportioned liability.*

(a) The contributory negligence of any party in a civil action shall not bar such party or said party's legal representative from recovering damages for negligence resulting in death, personal injury or property damage, if such party's negligence was less than the causal negligence of the party or parties against whom claim for recovery is made, but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party. If any such party is claiming damages for a decedent's wrongful death, the negligence of the decedent, if any, shall be imputed to such party.

(b) Where the comparative negligence of the parties in any such action is an issue, the jury shall return special verdicts, or in the absence of a jury, the court shall make special findings, determining the percentage of negligence at-

tributable to each of the parties, and determining the total amount of damages sustained by each of the claimants, and the entry of judgment shall be made by the court. No general verdict shall be returned by the jury.

(c) On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action.

(d) Where the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of his or her causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is allowed.

(e) The provisions of this section shall be applicable to actions pursuant to this chapter and to actions commenced pursuant to the code of civil procedure for limited actions. [L.1974, ch. 239, § 1; L.1976, ch. 251, § 4; Jan. 10, 1977.]"

M & N and Kuhlman, and M & N would be liable to the plaintiff only for that part of plaintiff's total damages proportional to M & N's designated degree of negligence.

We believe that that language of § 60–258a(d) specifically precludes the construction which M & N would give the statute:

"Where the comparative negligence of the parties in any action is an issue *and recovery is allowed against more than one party,* each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of his or her causal negligence bears to the amount of the causal negligence *attributed to all parties against whom such recovery is allowed.*" (emphasis supplied)

█ This language seems directed at the exact situation at hand (or that in the *Houk* case). It is consistent with the long standing principle of Kansas case law that a defendant cannot limit his liability by claiming negligence on the part of the employer (*Houk, supra,* and *Hickman, supra* ). Under the statute, liability is to be apportioned according to degree of fault, but only among those parties against whom the plaintiff has a right to recover.

M & N is the first to point out that this interpretation may conceivably lead to an inequitable result; M & N may be held liable for 100% of the plaintiff's damages, and Kuhlman may be able to recoup its damages and in effect get off scot-free even though (according to M & N) Kuhlman's negligence was greater than that of M & N.

We view M & N's argument as leading to a result that is hardly equitable either. If the jury determined that M & N was 50% negligent and Kuhlman was 50% negligent then plaintiff would only recover 50% of his total damages (Kuhlman through its lien would recoup the $17,000 already paid to the plaintiff).[6] We do not believe that the

---

**6.** Let us assume that the jury in its infinite wisdom determines that the plaintiff's damages are $100,000.00.

(a) Let us further assume that the jury determines that 50% of the negligence that caused plaintiff's injuries is attributable to M & N and 50% is attributable to Kuhlman. Under the method proposed by M & N plaintiff could recover only $50,000 (M & N would have to pay plaintiff $33,000 and return to Kuhlman the $17,000 previously paid out in workmen's compensation benefits).

(b) Under our interpretation of the statute, M & N would be liable for 100% of the damages even if only 50% negligent, since § 60–258a(d) only allows for apportionment of damages when "recovery is allowed against more than one party". Thus, M & N would have to pay $17,000 to Kuhlman on its lien, and $83,000 to plaintiff. By this method plaintiff will receive exactly $100,000 for his injuries, precisely the amount of his damages.

(c) Assume the jury allocates the percentages of negligence as follows:

Plaintiff 0%    Kuhlman 50%    M & N 40%    Monroe 10%

M & N and Monroe are liable for a portion of plaintiff's total damages in the proportion that their negligence bears to the total amount of negligence attributed to the parties against whom plaintiff can recover (M & N and Monroe). Thus:

$$\frac{\text{Monroe's \% of negligence}}{\text{Monroe and M \& N's total \% of negligence}} \qquad \frac{10}{50} \times \$100,000 =$$

Monroe's liability to plaintiff          $20,000

$$\frac{\text{M \& N's \% of negligence}}{\text{M \& N and Monroe's total \% of negligence}} \qquad \frac{40}{50} \times \$100,000 =$$

M & N's liability to plaintiff          $80,000

statute intended such a result.[7] The only other possible alternative would be to interfere with Kuhlman's right to recover on its lien under § 44–504, if Kuhlman is found to be negligent. The *Houk* case is certainly binding precedent dictating against such action.

The workmen's compensation statute places upon the employer absolute, though limited, liability to provide compensation for his injured employees. The statute will sometimes be favorable to the employer (because its liability is limited) but will quite often be unfavorable, because the employer's common law defenses are abrogated; its liability is absolute and is imposed regardless of fault. In order to recover against M & N, plaintiff, of course, still has the burden of proving that M & N was negligent and that such negligence was a proximate cause of plaintiff's injuries. Should the plaintiff fail to recover against M & N, Kuhlman will lose $17,000 without ever having had an opportunity to demonstrate that it was not to blame for the injury.

Thus, under the statutory scheme, the employer gives up significant rights in return for his immunity from suit and his lien against any damages recovered by the plaintiff from a third party. This may sometimes allow the employer to get off scot-free when the employer is, in fact, negligent; it may also cause the employer to make compensation payments which will never be recovered in instances where the employer is not negligent at all. The employer's tort liability has simply been superseded by its contractual, statutory liability to its employee. We cannot say that such a system is inherently unfair. Whether it is

the wisest course a legislature could have followed is not our concern. As the Tenth Circuit said in the *Hill Lines* case, 222 F.2d at 858:

"We have no doubt of the constitutional power of the legislature to insulate an employer subject to a workmen's compensation act from all other liability to an employee arising out of a covered injury, including the right of a third party joint tortfeasor to contribution even though it may cut across equitable considerations."

Since the legislature has decided to insulate the employer in certain circumstances, the next question is who will bear the burden of the employer's benefit as between a plaintiff-employee and a negligent third party? The answer hinges upon whether the plaintiff-employee is found to be partially negligent.

■ Unquestionably, prior to the enactment of the comparative negligence statute, a negligent third party was liable for the total amount of plaintiff's damages, despite the employer's concurrent negligence. *Houk, supra.* Although the comparative negligence statute may have altered the doctrine of joint and several liability in some respects, under the plain language of § 60–258a(d), we do not believe that the statute changes the result reached in *Houk*. Where the plaintiff's injuries were caused exclusively by the negligence of the employer and a third party or parties, the third party or parties may be liable to the plaintiff for the total amount of his damages.

■ The harsh effects which § 60–258a(d) may work upon a negligent third party are considerably lessened however by

---

**7.** Our own research discloses that the Wisconsin Supreme Court has adopted the approach which M & N is urging. See *Connar v. West Shore Equipment of Milwaukee,* 68 Wis.2d 42, 227 N.W.2d 660 (1975). However, Wisconsin does not have a statutory provision such as § 60–258a(d) which specifically refuses to limit the liability of a defendant when the plaintiff cannot recover against another negligent person. In addition, the plaintiff-employee in Wisconsin has a protection that the Kansas plaintiff-employee does not have; under W.S.A. 102.29 the employer's lien to recover his compensation payments is limited to the extent that the employee is always allowed to keep at least one-third of any damages recovered from a third party.

§ 60–258a(a), which reduces the plaintiff's award of damages when the jury finds that the plaintiff's own negligence contributed to his injuries. Under our interpretation of this section, plaintiff's award of damages is reduced by the ratio which his percentage of negligence bears to the total amount of negligence allocated among the plaintiff and any third parties against whom the plaintiff may recover. Thus, in this case the plaintiff's award of damages is reduced by a fraction: the numerator of which is the plaintiff's percentage or negligence; the denominator of which is the combined percentages of negligence of the plaintiff and the (allegedly negligent) third parties, M & N and Monroe.[8]

In addition, should the plaintiff's negligence exceed the combined negligence of M & N and Monroe (if the fraction is ½ or greater), under § 60–258a(a) the plaintiff is barred from recovery.[9]

Our conclusion then is that although a negligent third party cannot reduce his liability merely by showing the negligence of the employer, he can significantly reduce his liability by showing that both the employer and the employee were negligent.

■ Obviously it is essential that the jury be allowed to allocate a percentage of negligence to employer Kuhlman. The re-maining question is whether it is necessary that the employer remain a named defendant to the plaintiff's complaint in order for the jury to do so. The employer has no financial interest in the outcome of the litigation, except the protection of its lien to recoup compensation payments made to the plaintiff. As discussed earlier, the Kansas Supreme Court has recognized that there are sound policy considerations dictating against allowing the employer to participate for this purpose only. See *Gorrell v. Kansas Power & Light Co., supra.* In addition, allowing the employer to remain a named defendant to the complaint would raise the knotty problem of whether the employer's presence destroys federal diversity jurisdiction, since both employee and employer are apparently citizens of Kansas. It is true that § 60–258a(b) speaks of attributing negligence among the *parties.* Here, however, the employer is already a "party" in its status as intervenor to protect its lien. Further, the employer may yet remain as a third party defendant. Under these circumstances, we do not believe it does violence to the language of the statute to allow the jury to attribute a percentage of negligence to the employer, even though the employer is not a defendant to the plaintiff's complaint, and even though the employer may be prohibited from participating at trial. We note also

8. Let us again assume that the plaintiff's total damages are $100,000 and that the jury determines the percentages of negligence to be:

Plaintiff 20%    Kuhlman 20%    M & N 60%    Monroe 0%

Under our reading of § 60–258a(a) plaintiff's award of damages is reduced by his degree of negligence as compared with the total negligence of plaintiff, M & N, and Monroe. Thus:

$$\frac{\text{Pltfs \% of negligence}}{\text{Pltf, M \& N and Monroe's total \% of negligence}} = \frac{20}{80} \times \$100,000 =$$

Reduction in plaintiff's award of damages    $25,000

Plaintiff's award of damages and M & N's liability are $75,000.

9. Assume that the percentages of negligence are:

Plaintiff 30%    Kuhlman 40%    M & N 20%    Monroe 10%

Plaintiff's negligence is not less than that of the "parties against whom claim for recovery is made". Under § 60–258a(a) plaintiff cannot recover at all.

Pattern Instructions for Kansas 20.05 which contemplates directing the jury to attribute a percentage of negligence to a non-party.

Accordingly, Kuhlman's motion to dismiss the plaintiff's complaint as to it will be sustained.

This case presents very difficult questions of state law. A federal district judge sitting as a state trial judge in a diversity action must endeavor to apply the law which he believes the state's highest court would declare if it had the opportunity to do so. *E. g, Burgert v. Tietjens,* 499 F.2d 1 (10th Cir. 1974); *Symons v. Mueller Company,* 493 F.2d 972 (10th Cir. 1974); *Cottonwood Mall Shopping Center v. Utah Power & Light Co.,* 440 F.2d 36 (10th Cir. 1971). We have attempted to construe the comparative negligence and workmen's compensation statutes in a logical fashion and believe that the Kansas Supreme Court would adopt our approach if it had the opportunity to decide this case.

IT IS THEREFORE ORDERED that the motion of Kuhlman and Employers Mutual to intervene be sustained; the motion of Kuhlman to dismiss the third party complaint as to it be sustained; M & N be given 14 days from the date of this order to file an amended third party complaint; Kuhlman's motion to dismiss the plaintiff's complaint as to it be sustained; and the previous order of the court staying all discovery in this case be dissolved.