James R. LEROY, Plaintiff,

v.

CITY OF COFFEYVILLE, Kansas Insurance Company of North America, and Aetna Insurance Company, Plaintiffs–Intervenors,

v.

The HARTFORD STEAM BOILER INSPECTION AND INSURANCE CO., et al., Defendants.

Janice LAY, et al., Plaintiffs,

v.

CITY OF COFFEYVILLE, Kansas Insurance Company of North America, and Aetna Insurance Company, Plaintiffs–Intervenors,

v.

The HARTFORD STEAM BOILER INSPECTION AND INSURANCE CO., et al., Defendants.

Marcie WILEY, et al., Plaintiffs,

v.

CITY OF COFFEYVILLE, Kansas Insurance Company of North America, and Aetna Insurance Company, Plaintiffs–Intervenors Cross–Claim Defendants,

v.

The HARTFORD STEAM BOILER INSPECTION AND INSURANCE CO., et al., Defendants.

Nancy Diane LEMOS, et al., Plaintiffs,

v.

CITY OF COFFEYVILLE, Kansas Insurance Company of North America, and Aetna Insurance Company, Plaintiffs–Intervenors Cross–Claim Defendants,

v.

The HARTFORD STEAM BOILER INSPECTION AND INSURANCE CO., et al., Defendants.

Civ. A. Nos. 84–2121–S, 84–2312–S, 84–2313–S and 84–2240–S.

United States District Court, D. Kansas.

June 30, 1987.

Rene M. Netherton, Jerry K. Levy, Janet Jo Smith, Levy, Smith, Garrett & Smith, Topeka, Kan., for Leroy.

Reed O. Gentry, Matthew R. Davis, Gene C. Morris, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., Joseph H. McDowell, McDowell, Rice & Smith, Kansas City, Kan., for Combustion Engineering, Inc.

Bill E. Fabian, McAnany, Van Cleave & Phillips, Kansas City, Kan., for Benham Group, Inc.

Steven D. Ruse, Timothy P. Egbert, Anthony F. Rupp, Brian J. Nicewanger, Shughart, Thomson & Kilroy, P.C., Overland Park, Kan., for Bailey Control Co.

Joseph A. Sherman, R. Michael Steele, Sherman, Wickens, Lysaught & Speck, P.C., Kansas City, Mo., Cynthia L. Harmi-

son, Sherman, Wickens, Lysaught & Speck, P.C., Overland Park, Kan., J. Donald Lysaught, Jr., Mustain & Newman, Chtd., Kansas City, Kan., for plaintiff-intervenor Ins. Co. of North America and Aetna Ins. Co.

Gary D. McCallister, Davis, Wright, Unrein, Hummer & McCallister, Topeka, Kan., for plaintiff-intervenor City of Coffeyville, Kan.

Garen L. Cox, Coffeyville, Kan., John R. Cleary, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, Kansas City, Mo., for Wiley, Lemos et al.

Frank C. Weidling, Edward M. Boddington, Jr., Boddington & Brown, Bill E. Fabian, McAnany, Van Cleave & Phillips, Kansas City, Kan., Steven D. Ruse, Timothy P. Egbert, Anthony F. Rupp, Brian J. Niceswanger, Shughart, Thomson & Kilroy, P.C., Overland Park, Kan., William Jamieson, Dennenberg, Tuffley & Bocan, Southfield, Mich., for Barksdale Valve Co., Transamerica Delaval, Inc.

Stephen D. Ruse, Timothy P. Egbert, Anthony F. Rupp, Brian J. Niceswanger, Shughart, Thomson & Kilroy, P.C., Overland Park, Kan., for Bailey Meter Co.

Kevin Carver, Laurence M. Jarvis, Chtd., Kansas City, Kan., James L. Eisenbrandt, Morris, Larson, King and Stamper, Overland Park, Kan., P. Gae Widdows, C. Gene Howard, Jackson M. Zanerhaft, William La Sorsa, La Sorsa & Weber, Tulsa, Okl., Sheryl Bussell, Iola, Kan., for Lay et al.

Danna F. Brabender, Paul H. Niewald, Niewald, Waldeck, Norris & Brown, Kansas City, Mo., Michael G. Norris, Niewald, Waldeck, Norris & Brown, Overland Park, Kan., Joseph H. McDowell, McDowell, Rice & Smith, Kansas City, Kan., Matthew R. Davis, Gene C. Morris, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., for plaintiffs-intervenors Aetna Ins. Co./INA/CIGNA and City of Coffeyville, Kan.

Bruce Keplinger, Payne & Jones Chartered, Overland Park, Kan., F. Timothy McNamara, Hartford, Conn., Neal E. Millert, Larry J. Tyrl, James, Millert, Houdek, Tyrl & Sommers, Kansas City, Mo., Randolph G. Austin, Holliday & Ruddick, Olathe, Kan., for Hartford Steam Boiler Inspection & Ins. Co.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff Leroy's motion for a determination of entitlement to attorneys' fees on the subrogation claim. The court notes that both plaintiff's counsel and the counsel which have represented the plaintiffs-intervenors, City of Coffeyville, Insurance Company of North America (INA) and Aetna Insurance Company (Aetna) have claimed entitlement to attorneys' fees for recovery of the subrogated interest. Plaintiff Leroy's counsel states that counsel for the injured employee has a right to recover attorneys' fees under K.S.A. § 44–504. In response to the plaintiffs-intervenor's claimed interest, Leroy contends that in Kansas, neither the insurance carrier nor the employer is allowed to actively participate in the prosecution of a third-party action by the employee. Plaintiff argues that the interest of the plaintiffs-intervenors is in the protection of their statutory lien and their intervention in the action is limited solely to protect that interest. Thus, Leroy contends that plaintiffs-intervenors City of Coffeyville, INA and Aetna are not entitled to a portion of the attorneys' fees.

In opposition, plaintiffs-intervenors claim that their counsel has been actively defending plaintiff Leroy's cross-claims since their intervention in the case. Counsel for the plaintiffs-intervenors further state that they have simultaneously pursued against the defendants, Leroy's right to recover workman's compensation liens and property damage subrogation amounts. Counsel for plaintiffs-intervenors represent to the court that they have been more active than counsel for plaintiff Leroy in the pursuit of recovery against the defendants, with whom Leroy has settled.

The court recognizes that this is a case of first impression. After reviewing the record and the limited case law analogous to the issue presently before the court, the court finds that plaintiff Leroy's counsel in

this action is entitled to receive fees under K.S.A. § 44–504, to the exclusion of counsel for plaintiffs-intervenors. K.S.A. § 44–504(c) provides the "[t]he court shall fix the attorneys' fees which shall be paid proportionately by the employer and the employee in the amounts determined by the court." *Id.* The major issue raised is whether an attorney representing a plaintiff-intervenor is entitled to reasonable attorneys' fees under K.S.A. § 44–504(c). The court finds that there is no entitlement to fees by a plaintiff-intervenor's counsel under K.S.A. § 44–504. It has long been held that workmen's compensation statutes are to be liberally construed in favor of the workman. *Nordstrom v. City of Topeka,* 228 Kan. 336, 340, 613 P.2d 1371 (1980). The court finds that K.S.A. § 44–504(c) gives the trial court the discretion to fix attorneys' fees to be paid proportionately by the employer and the employee when either brings an action against a third-party tort-feasor. *See Anderson v. National Carriers, Inc.,* 240 Kan. 101, 106, 727 P.2d 899 (1986). The statute does not grant entitlement to a plaintiff-intervenor who enters the case to protect their statutory lien.

In *Anderson,* the court cited the Court of Appeals' decision for its finding that since the employer recovered at least some of the benefits it paid plaintiff for workmen's compensation, it was within the purpose of the statute to allow the plaintiff to recover attorneys' fees. The court therefore found that allowance of a fee of one-third of the subrogation recovery to plaintiff's counsel was proper. The court finds that the case law is also clear that while the plaintiffs-intervenors had a right to intervene in the action to protect and enforce the lien to the extent of compensation and medical aid provided by them, it did not give the employer and the insurance carrier rights to actively participate in the injured worker's action. *See Gorrell v. Kansas Power & Light Co.,* 189 Kan. 374, 378, 369 P.2d 342 (1962). In fact, in *Gorrell,* the court found that it was error for the court to permit the insurance carrier to actively participate in the trial.

The court finds that based on the Kansas Supreme Court's holding that an insurance carrier may not actively participate in the injured worker's action, and since no statutory authority has been enacted for the granting of attorneys' fees to the plaintiffs-intervenors, this court feels compelled to disallow attorneys' fees for the plaintiffs-intervenors' counsel. In sum, the court does not believe that it was the intent of the legislature in enacting K.S.A. § 44–504(c) to grant the court discretion in awarding attorneys' fees to the plaintiffs-intervenors City of Coffeyville, Kansas, INA and Aetna.

The court has reviewed the record and recognizes that based on its interpretation of K.S.A. § 44–504, the plaintiffs-intervenors are not entitled to attorneys' fees. The court finds, however, that when apportioning attorneys' fees to be awarded to plaintiff Leroy's counsel, the degree of participation by the plaintiffs-intervenors is taken into consideration. The court is fully cognizant of the participation by the City of Coffeyville, INA and Aetna in this case and the resulting settlement which evolved from the parties' participation. The court therefore finds that plaintiff Leroy's counsel should be awarded 15% of the amount of the subrogation interest for attorney's fees. The court notes that while this percentage is perhaps lower than an award which would be granted in a similar case, the unique facts of this case, as well as the active participation of the various parties to this lawsuit, mandates that attorneys' fees equitably be apportioned to reflect such participation.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff James Leroy's motion for determination of entitlement to attorneys' fees is hereby granted. IT IS FURTHER ORDERED that plaintiff Leroy's attorney is entitled to 15% of the amount of the subrogation recovery by the City of Coffeyville, Insurance Company of North America and Aetna Insurance Company, pursuant to K.S.A. § 44–504(c). IT IS FURTHER ORDERED that the plaintiffs-intervenors City of Coffeyville, Insurance Company of North America and Aetna Insurance Company are not entitled to

attorneys' fees pursuant to K.S.A. 44–504(c).