Billy G. GREENWOOD, a minor child, et al., Plaintiffs,

v.

McDONOUGH POWER EQUIPMENT, INC., Defendant.

No. 77–4087.

United States District Court, D. Kansas.

Sept. 27, 1977.

Gene E. Schroer, Topeka, Kan., for plaintiffs.

Donald Patterson, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

■ This is a products liability action which comes before the Court upon defendant's motion to dismiss. The motion raises serious questions concerning the interaction of the Kansas comparative negligence statute, specifically subsection (c) of K.S.A. 60–258a, with concepts of federal diversity jurisdiction.

Plaintiff is a citizen of Kansas who was injured by a lawnmower manufactured by defendant, which is not a citizen of Kansas. The action is governed by the Kansas comparative negligence statute, K.S.A. 60–258a.[1] Subsection (c) of that statute states that:

---

1. The Kansas comparative negligence statute, K.S.A. 60–258a, reads in its entirety as follows:

Contributory negligence as bar to recovery in civil actions abolished, when; award of

On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action.

Pursuant to 60–258a(c), defendant has moved to join as parties the owner and the operator of the lawnmower which injured plaintiff. Both the owner and the operator are citizens of the State of Kansas.

Defendant's argument for dismissal is based upon the premise that because of 60–258a(c), the owner and operator of the lawnmower are indispensable parties who must be joined in this action. As defendants, however, it is argued that their presence destroys the complete diversity of citizenship that is required for this court to have jurisdiction over the action. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

While defendant's argument has some superficial appeal, the Court has concluded that it must be rejected. To accept this argument would virtually eliminate this Court's diversity jurisdiction over tort actions arising in the State of Kansas. We find no indication from any quarter that such a result was intended by the Kansas legislature when it passed the comparative negligence law. Such a result is unwarranted, undesirable, and easily avoidable.

The basic question to be addressed is whether the owner and operator of the lawnmower are indispensable parties as defined by ·F.R.Civ.P. 19. In analyzing defendant's contention that these are indispensable parties, we must follow the procedures set forth in Rule 19, 7 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1604, p. 35 (1972). First, we must determine whether the absent persons' interest in the litigation is sufficient to satisfy one or more of the tests set out in the first sentence of Rule 19(a). If one of the tests is met, we must order that the owner and operator be made parties. If they cannot be effectively joined because, for example, their joinder will deprive the Court of diversity jurisdiction, we must examine the four considerations described in Rule 19(b) to determine whether the action should go forward in their absence or be dismissed, "the absent persons thus being regarded as indispensable." If the absent persons are not found to be persons whose joinder is desirable under Rule 19(a), we need not

damages based on comparative negligence; imputation of negligence, when; special verdicts and findings; joinder of parties; proportioned liability. (a) The contributory negligence of any party in a civil action shall not bar such party or said party's legal representative from recovering damages for negligence resulting in death, personal injury or property damage, if such party's negligence was less than the causal negligence of the party or parties against whom claim for recovery is made, but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party. If any such party is claiming damages for a decedent's wrongful death, the negligence of the decedent, if any, shall be imputed to such party.

(b) Where the comparative negligence of the parties in any such action is an issue, the jury shall return special verdicts, or in the absence of a jury, the court shall make special findings, determining the percentage of negligence attributable to each of the parties, and determining the total amount of damages sustained by each of the claimants, and the entry of judgment shall be made by the court. No general verdict shall be returned by the jury.

(c) On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action.

(d) Where the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of his or her causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is allowed.

(e) The provisions of this section shall be applicable to actions pursuant to this chapter and to actions commenced pursuant to the code of civil procedure for limited actions.

address the criteria of Rule 19(b). 7 C. Wright & A. Miller, *supra* at § 1607, p. 59.

The first sentence of F.R.Civ.P. 19(a) reads as follows:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

The parties have not suggested any basis, and we see none, for concluding that the owner and the operator of the lawnmower in this case meet the second criteria of Rule 19(a). The important inquiry relates to the first criteria. Because the Court believes that complete relief can be accorded among those already parties, even in the absence of the owner and operator, we conclude that these are not "persons to be joined if feasible" within the meaning of Rule 19(a).

The conclusion that complete relief can be accorded plaintiff and defendant in the absence of the joinder of the owner and the operator rests upon the premise that the owner and operator need not be made parties in order for defendant's liability to be limited as intended by K.S.A. 60–258a(c) and (d).

In its brief, defendant identifies the substantive right which it fears will be lost if the owner and the operator are not joined as indispensable parties:

". . . the substantive law of the State of Kansas now provides that a defendant can lessen his exposure to the plaintiff by naming others whose causal negligence brought about the same dam-age and thereby lessen his own liability to the plaintiff. Defendant contends that the Federal Rules, under *Erie*, cannot be applied so as to deny a defendant those substantive rights granted by K.S.A. 60–258a." [Defendant's brief, p. 5]

■ The Court agrees that a reading of subsection (c) in conjunction with subsection (d) of K.S.A. 60–258a indicates that defendants in such cases are now granted the substantive right to have their liability for the damages to which plaintiff is entitled measured by their share of the total negligence.[2] Several liability has clearly replaced joint and several liability. *Beach v. M & N Modern Hydraulic Press Co.*, 428 F.Supp. 956, 965 (D.Kan.1977); *American Motorcycle Ass'n v. Superior Court*, 65 Cal. App.3d 694, 135 Cal.Rptr. 497, 501 (1977); Woods, *The New Kansas Comparative Negligence Act—An Idea Whose Time Has Come*, 14 Washburn L.J. 1, 13 (1975); Schwartz, *Comparative Negligence in Kansas—Legal Issues and Probable Answers*, 13 Washburn L.J. 397, 416 (1974); Comment, 23 K.L.R. 113, 123 (1974).

Despite our conclusion that the defendant now has a substantive right to have its liability measured in proportion to its causal negligence, we believe that subsections (c) and (d) of the statute also have their procedural sides. For example, the joinder provision of subsection (c) is the procedural mechanism for providing the substantive right to which we have referred. *American Motorcycle Ass'n v. Superior Court, supra*, 135 Cal.Rptr., at 504–505. In addition, the method for making the subsection (d) calculation is also procedural in nature. Kelly, *Comparative Negligence—Kansas*, 43 J.B. A.K. 151, 191 (1974).

■ Defendant's indispensable parties argument, if accepted, would allow these state procedural provisions to destroy federal diversity jurisdiction. This should not be countenanced. 13 C. Wright & A. Miller, *supra*, § 3606, p. 630.

---

**2.** Comparative negligence has traditionally been treated as part of the substantive, rather than the procedural law. V. Schwartz, Comparative Negligence, § 15.4, p. 242 (1974).

By simply refusing to join the owner and the operator of the lawnmower as formal parties, yet determining their negligence and taking it into consideration in determining defendant's liability [subsection (d) calculation], defendant's substantive rights may be preserved without the diminution of federal diversity jurisdiction.

Under the Kansas comparative negligence statute three calculations must be made to determine the judgment. The first calculation must be made by the jury under the terms of subsection (b) of 258a. The jury should be instructed to find the percentage of negligence attributable to each of the contributors (plaintiff, defendant, and non-parties), and determine the total amount of damages sustained by the plaintiff.

The second calculation which must be made is the subsection (a) calculation, which must be made by the Court. Pursuant to subsection (a), the Court must look at the findings of the jury and determine whether plaintiff has a right to recover at all. Plaintiff can recover only if his negligence was less than the causal negligence of the party or parties against whom claim for recovery is made. Since claim for recovery is made only against the defendant in this action, the negligence of non-parties would not be figured into this calculation. If plaintiff can recover, then his award of damages must be reduced in proportion to the share of *total* negligence attributed to him.

If plaintiff's causal negligence is less than that of the defendant, then the Court must make a third calculation under subsection (d). The subsection (d) calculation allocates the liability for damages to which plaintiff is entitled among the remaining parties. In our situation we believe that defendant should be liable only for its share of the negligence, and do not believe that it should be liable for the entire amount of plaintiff's damages just because plaintiff does not choose to make a claim against the owner and the operator of the lawnmower.

As an example, assume that the jury finds that plaintiff's damages are $100,000, and determines negligence as follows:

P   (plaintiff)    = 10%
D   (defendant)    = 60%
NP  (non-parties)  = 30%

[assuming for purposes of clarity that there is only one non-party, not two as we actually have in this case].

The figures above represent the subsection (b) calculation which is made by the jury. Taking these figures, the Court would make the subsection (a) calculation. From that calculation the Court would determine that plaintiff is entitled to recovery since his share of causal negligence is less than that of "the party or parties against whom claim for recovery is made", i. e., the defendant. (10% vs 60%). The Court would determine that plaintiff is entitled to recover $90,000. ($100,000 less 10% which represents plaintiff's share of causal negligence.) [3]

---

**3.** It will be noted that this method of making the second step of the subsection (a) calculation differs from that outlined by Judge O'Connor in dicta in *Beach v. M & N Modern Hydraulic Press Co.*, 428 F.Supp. 956, 966, n. 8 (1977).

Judge O'Connor would reduce the plaintiff's recovery in our hypothetical example by $1/7$. That figure is arrived at by comparing plaintiff's negligence to the negligence of the plaintiff plus that of the defendant. Numerically, this would appear as follows:

$$\frac{10\%}{60\% + 10\%} = 1/7$$

Plaintiff would be entitled to recover $100,000 reduced by $1/7$, or about $85,714. The calculation omits the negligence attributed to a non-party.

We see no requirement in the wording of K.S.A. 60–258a(a) for the use of this method. We believe that plaintiff's recovery should be reduced by his negligence as compared to the entire 100% of negligence in the case. In our hypothetical example, the calculation by our method would be as follows:

$$\frac{10\%}{60\% + 30\% + 10\%} = 1/10$$

The Court would then make the subsection (d) calculation. According to our theory, the defendant would be liable for "the proportion that the amount of [its] causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is allowed". We interpret the underlined phrase to include all wrongdoers whom the jury finds guilty of a share of the causal negligence. In this case, that would include the defendant and the non-party(ies). Therefore, defendant would be liable for 60/90ths of the $90,000 award to which plaintiff is entitled. Defendant would be liable for $60,000.

■ As indicated earlier, the provisions of subsections (c) and (d) of 258a are largely procedural in nature. To the extent that these provisions create mechanisms for implementing defendant's substantive right to have its liability gauged in proportion to its causal negligence, they should not be allowed to destroy federal diversity jurisdiction. The simple expedient of allowing the negligence of non-parties to be considered in the subsection (d) calculation reconciles the Kansas comparative negligence statute with the dictates of federal diversity jurisdiction.

Such a practice has solid foundation. The P.I.K. Committee's Comment to P.I.K. 20.05 (1975 Supp.) clearly envisions such a practice:

> A party to the action may claim that a person or persons other than the parties to the action caused or contributed to the injury and damage claimed. That person's percentage of fault must be taken into consideration in determining the total fault *even though he is not joined as a party.* All those causally negligent must be considered.
>
> Where the evidence warrants it, the court must add that person *as a party solely for the purpose of determining and allocating fault* upon a one hundred percent basis. This is done by giving the above instruction and including these persons in the special verdict form. [emphasis added]

See also 3 Vernon's Kansas Statutes Annotated § 60–258b, p. 88 (1977 Concannon Supp.).

The practice of taking into consideration the liability of non-parties is also well-established practice in other comparative negligence jurisdictions. The absent party situation frequently occurs when plaintiff has settled with a codefendant. The standard practice in most jurisdictions is to deduct the percentage of negligence found attributable to the settling codefendant from the verdict against the other codefendants found liable. *Rogers v. Spady,* 147 N.J.Super. 274, 371 A.2d 285, 287 (1977), *citing Pierringer v. Hoger,* 21 Wis.2d 182, 124 N.W.2d 106 (Sup.Ct.1963); *Bielski v. Schulze,* 16 Wis.2d 1, 114 N.W.2d 105 (Sup.Ct.1962); Minn.Stat.Ann. § 604.01 subd. 5; Tex.Rev.Civ.Stat., Art. 2212a, § 2(e).

Unless the negligence of non-parties is taken into account in the subsection (d) calculation, our attempt to preserve federal diversity jurisdiction would lead to a defendant being liable for more than its share of negligence. Thus, in our example above, D would be liable for the entire $90,000 judgment to which P is entitled, even though D was only 60% negligent.

---

Plaintiff would be entitled to recover $100,000 reduced by 1/10, or about $90,000.

Judge O'Connor, in *Beach,* did indicate at page 966 that the entire fault surrounding the injury should be calculated by the jury. We think the entire 100% of fault should be considered in the second step of the subsection (a) calculation. For reasons which will become evident later in this opinion, our method of making the second step of the subsection (a) calculation is more consistent than that outlined by Judge O'Connor in *Beach* with the method which we have settled upon for the

making of the subsection (d) calculation in a case such as ours. Our method produces results more consistent with those which would obtain had plaintiff brought this action in state district court.

Further, our method appears to have received some support in other jurisdictions. *See* Heft and Heft, Comparative Negligence Manual § 1.350, pp. 65–66 (1971).

We have consulted with Judge O'Connor who has reconsidered the dicta in *Beach* and has suggested that we utilize the method adopted herein.

The undesirability of such a result has already been discussed by Judge O'Connor in *Beach v. M & N Modern Hydraulic Press Co.*, 428 F.Supp. 956 (D.Kan.1977).[4] However, the inequities present in that case could not be avoided. The manufacturer-defendant in that action had to be liable for the entire amount of the judgment to which plaintiff was entitled for the other potential tort-feasor was the employer who was protected from liability by the Kansas workmen's compensation law. Judge O'Connor noted at 428 F.Supp. 964 that "Under the statute [sub. (d)], liability is to be apportioned according to degree of fault, but only among those parties against whom the plaintiff *has a right to recover*." (emphasis added). Plaintiff has a "right to recover" against the non-parties in this case, but has chosen not to exercise it. The Court does not believe that the voluntary (rather than *in* voluntary in *Beach*) decision not to sue certain individuals should be available to plaintiff as a strategic weapon to eliminate or avoid the comparative negligence statute's provisions ending joint liability.

While we seek to avoid the unnecessary diminution of federal diversity jurisdiction, we do not wish to allow a plaintiff, merely by changing from a state forum to a federal forum, to increase the amount of his recovery against a given defendant in derogation of that defendant's substantive right to have his liability limited to his proportionate share of negligence.

The wording of subsection (d) might appear to give a plaintiff an opportunity to pick his defendant and thereby increase his chances of recovery. For example, if P is injured by D1 and D2, and D2 is solvent and D1 is not, P might sue only D2 (even though D1's negligence might be greater than D2's). This is the situation in New Hampshire, which has a comparative negligence statute, N.H.R.S.A. (1975 Supp.) 507:7–a, very similar to subsection (d) of 60–258a. Commentators in New Hampshire have envisioned the unfair result

which we suggest would occur if a plaintiff could choose not to sue a particular defendant and thereby exclude that defendant's share of negligence from the subsection (d) calculation:

The comparative negligence statute appears to abolish the common law rule of joint and several liability. The statute says that in multiple defendant cases each defendant "*shall be liable for that proportion* of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed." If joint and several liability is abolished by the statute, each person against whom recovery is allowed will have to pay only the proportionate amount of the damages assessed against him. If suit is brought against all responsible persons, each such responsible person will have to pay an amount roughly proportionate to the percentage of his negligence. But in cases where a responsible person is uninsured and insolvent or is immune from suit by the plaintiff or in cases where, for other reasons, the plaintiff does not want to sue a responsible person, the person who is sued bears the burden of paying the damages caused by such other persons. For example, suppose in our hypothetical case suit is not brought against D2 and the plaintiff brings suit against D1 and D3. The statute does not require a jury to find that the negligence of the litigants totals 100%, and presumably, under the statute, D1 and D3 will be entitled to lay 30% of the blame on D2 even though suit has not been brought against him. But, again using our hypothetical, if the jury finds the plaintiff to be 20% at fault, D1 10% at fault and D3 40% at fault, the plaintiff will still recover $8,000.00 from D3 even though the negligence of two other persons was equal to the amount of D3's negligence—the plaintiff's 20% negli-

4. For a discussion of the inequities of such a situation, *see also* Schwartz, *supra*, at § 16.5, p. 255.

gence was "not greater than" D3's 40% negligence; and since D3 is the only defendant against whom recovery is allowed, D3 pays the plaintiff's damages diminished only ". . . in proportion to the amount of negligence attributed to the plaintiff." [Orcutt and Ross, *Comparative Negligence in New Hampshire*, 12 N.H.B.J. 6, 10–11 (1969)]

This result seems quite unfair, but such a result has been upheld by the Supreme Court of New Hampshire in *Mihoy v. Proulx*, 113 N.H. 698, 313 A.2d 723 (1973); *see also Simonsen v. Barlo Plastics Co., Inc.*, 551 F.2d 469, 472 (1st Cir. 1977).

The commentators who suggested the hypothetical situation above also suggested a solution:

> If the purpose of the comparative negligence statute is to apportion damages fairly among responsible parties, a statutory or court-made rule of law permitting a defendant to implead other persons or sue them for contribution would help to assure that each responsible person pays his portion of a loss. [Orcutt and Ross, *supra* at 11]

While this solution was not adopted in New Hampshire, it was adopted in Kansas in subsection (c) of 258a. It has been strongly suggested that the avoidance of this unfair situation was the motivation behind the adoption of subsection (c). Kelly, *Comparative Negligence—Kansas*, 43 J.B. A.K. 151, 191 (1974). Our solution is consonant with the apparent intention of the Kansas legislature in the adoption of subsection (c). Without destroying diversity jurisdiction, we do not allow a plaintiff to manipulate the subsection (d) calculation so as to skew the distribution of liability on the basis of proportionate fault.[5]

While our approach attempts to preserve the possibility of diversity jurisdiction, we realize that as a practical matter the number of such cases which will be coming to

the federal courts will probably diminish. In order to stay in federal court, this plaintiff has stated that he will not assert a claim directly against the owner and the operator of the lawnmower. This seems a heavy price to pay in most cases, although apparently not in this case for there is every indication that our owner and operator are insolvent.

In many jurisdictions, plaintiffs are encouraged to be selective in who they sue because they can only recover if their negligence is less than that of a defendant, and if there are multiple defendants the plaintiff's negligence is compared to each defendant on an individual basis. This is termed the "individual comparison" method. 40 Albany L.Rev., *supra* at 780. Under the individual comparison method, the more defendants that a plaintiff sues, the less likely he is to recover, because more defendants likely means a lesser percentage of negligence assigned to each and plaintiff may end up charged with a higher percentage of negligence than any of the defendants.

However, in 60–258a(a), it is stated that in Kansas a plaintiff's negligence must be less than that of "the party *or parties* against whom claim for recovery is made." Thus, Kansas follows the "combined comparison" method. Woods, *supra*, 14 Washburn L.J. at 13; Schwartz, *supra*, 13 Washburn L.J. at 415; Kelly, *supra*, 43 J.B.A.K. at 154. Since the negligence of the defendants is combined for purposes of the subsection (a) calculation, a plaintiff is encouraged to sue as many potential defendants as possible. The more defendants, the more likely that there will be a higher total of defendants' negligence against which the plaintiff's negligence will be compared in the subsection (a) calculation. Since the Kansas statute encourages the plaintiff to sue as many potential defendants as possible, we do not think that our holding today is likely to lead to any abuses.

---

**5.** It has been suggested that under the Kansas comparative negligence statute, "the claimant bears the risk of insolvent parties, no matter how small or different in quality his negligence may be when compared to defendant's, be-

cause that defendant may use joinder to limit his liability through operation of the damage apportionment provision." Note, 16 Washburn L.Rev. 672, 681 (1977).

In conclusion, our approach attempts to preserve federal diversity jurisdiction without destroying any substantive rights created in defendants by K.S.A. 60–258a. The procedures set forth in this opinion are designed to produce in federal court the same substantive result which would obtain were suit brought in state district court.

Judge O'Connor correctly held in *Beach* that a defendant has no substantive right to have its liability limited by a consideration of the plaintiff's employer's negligence in the subsection (d) calculation. For reasons explained by Judge O'Connor in *Beach*, the burden in such a situation should fall upon the defendant. The same result would occur if suit were brought in state district court. Our case rests in a different posture, however. If our plaintiff had sued in state district court, the defendant could have moved for joinder of the owner and the operator of the lawnmower under subsection (c) without destroying jurisdiction. We hold that plaintiff, by voluntarily selecting a federal rather than a state forum, has accepted the risk of non-joinder. Since the owner and the operator cannot be joined without destroying diversity jurisdiction, plaintiff must forfeit any right of recovery against the owner and the operator. This opinion produces results in federal diversity cases which are consistent with the results which would occur if such suits were brought in state district court. While plaintiff may (sometimes at a price) choose a federal forum, the defendant's substantive rights are preserved and the measure of its liability is not altered by the change of forum.

We believe that the approach suggested herein adequately protects the jurisdiction of the federal courts while at the same time preserving the substantive rights created by K.S.A. 60–258a. This is accomplished without the joinder of the non-party owner and operator of the lawnmower.

IT IS THEREFORE ORDERED that defendant's motion for joinder and/or dismissal be denied.