Mabel NAGUNST, by her court appointed guardian and conservator, and next friend, Mary A. Moon, Plaintiffs,

v.

The WESTERN UNION TELEGRAPH COMPANY, a corporation, and James J. Zehe, Jr. Defendants,

Blanche B. Nagunst, Additional Party Defendant.

No. 76–144–C5.

United States District Court, D. Kansas.

Oct. 27, 1977.

Edwin D. Smith, Topeka, Kan., for plaintiffs.

James L. Grimes, Jr., Grant M. Glenn, Topeka, Kan., for defendant.

George F. Farrell, Jr., Topeka, Kan., for third-party defendant Nagunst.

## ORDER

ROGERS, District Judge.

This is a personal injury case arising out of an automobile collision and comes before the Court on the motion of third party defendant Blanche Nagunst for summary judgment. The case presents new questions concerning the construction of the Kansas comparative negligence statute, K.S.A. 60–258a.

The facts necessary to a resolution of this motion are not in dispute. Plaintiff Mabel Nagunst is a citizen of Washington; Mary Moon, her guardian and conservator, is a citizen of Oregon and was appointed to her representative capacity by a Kansas court. Defendant Western Union is a New York corporation; defendant Zehe is its agent and resides in Kansas. Third party defendant Blanche Nagunst is also a resident of Kansas and her joinder in the action as a party defendant would destroy federal diversity jurisdiction.

On June 16, 1975, plaintiff Mabel Nagunst was a passenger in a car driven by her sister-in-law, third party defendant Blanche Nagunst, on a county road in Nemaha County, Kansas. This car collided with a car driven by defendant Zehe and leased to defendant Western Union. Western Union admits that Zehe was operating this vehicle within the scope of his employment for Western Union. A complaint seeking recovery for personal injuries was filed on behalf of Mabel Nagunst against defendants September 16, 1976. Defendants answered, denying liability, and defendant Western Union counterclaimed against plaintiff for damage to the Western Union automobile.

On October 19, 1976, and again on December 16, 1976, defendants moved for joinder of Blanche Nagunst as a party defendant under the "forced joinder" provisions of K.S.A. 60–258a. This was granted by minute order December 21. Thereafter, defendants added a third party complaint against Blanche Nagunst claiming against

her for damage to the Western Union vehicle, the counterclaim to that effect against Mabel Nagunst having been dismissed by stipulated order December 21, 1977. On January 25, 1977, Blanche Nagunst answered by general denial.

The motion now before us was filed July 13, 1977. Blanche Nagunst states, and it has not been controverted, that she entered into a covenant not to sue with her sister-in-law, the plaintiff, on October 10, 1976. She claims that by virtue of this document, no recovery may be taken against her, and hence that she may not be made a party defendant notwithstanding the "forced joinder" provisions of K.S.A. 60–258a(c). She further asserts that the third-party claim cannot be asserted against her in this action.

■ This motion once more brings into focus the inherent tension between subsections (c) and (d) of the Kansas comparative negligence statute, K.S.A. 60–258a. Subsection (c) purports to mandate joinder of any additional party "whose causal negligence is claimed to have contributed" to the injury at the request of any defendant. On the other hand, subsection (d) provides for *pro rata* allocation of the award only between parties against whom recovery is allowed. Movant claims this provision, and its like in subsection (a), precludes her joinder as a formal party. We agree.

However, we discern in the joinder provisions of subsection (c) a legislative intent that a plaintiff not be allowed to defeat proportionate liability by suing only a single defendant when more than one party arguably contributed to plaintiff's injuries. As we stated in *Greenwood v. McDonough Power Equipment, Inc.*, D.C., 437 F.Supp. 707 (Order filed September 27, 1977), "defendants . . . are now granted the substantive right to have their liability for the damages to which plaintiff is entitled measured by their share of the total negligence" attributable to all tortfeasors.

The *Greenwood* case is analogous to the one before us in that joinder of the other alleged tortfeasors would have destroyed federal diversity jurisdiction. The parties whose joinder was sought were not "indispensable" under F.R.Civ.Proc. 19, nor are they "indispensable" in the case before us. In *Greenwood* we sanctioned the "phantom party" concept suggested in the P.I.K. Committee's Comment to P.I.K. 20.05 (1975 Supp.) and 3 Vernon's Kansas Statutes Annotated § 60–258b, p. 88 (1977 Concannon Supp.). The named defendants' substantive right can be preserved, and diversity jurisdiction not divested, by the simple expedient of refusing to join the non-diverse tortfeasors as formal parties yet determining their negligence and taking it into consideration in determining the named defendants' liability. Were the destruction of diversity jurisdiction the only problem in this case, we would hold our reasoning in *Greenwood* dispositive.

However, we are presented with the unresolved problem of how to treat a party whose joinder is sought under K.S.A. 60–258a(c) and who can assert an affirmative defense as a bar to suit, such as the covenant not to sue pled by movant. Admittedly, this question does not face us as directly as it might were it not for the lack of complete diversity between movant and defendants, but it nevertheless begs resolution in the context of the motion presented.

■ "A covenant not to sue is a covenant by one who had a right of action at the time of making it against another person, by which he agrees not to sue to enforce such right of action." 76 C.J.S. Release § 3. Defendants claim that in the case before us the execution of such a covenant should not preclude movant's joinder as a defendant because movant's remedy is a separate action for breach of the covenant, citing *Pellett v. Sonotone Corporation*, 26 Cal.2d 705, 160 P.2d 783, 787 (1945).

■ We are unable to agree that the effect of a covenant not to sue upon the joinder of additional tortfeasors in a case such as this should differ from the rule applicable when only the covenantee is sued. Although there is authority holding that a covenant not to sue does not extinguish the cause of action, "it is generally

held that . . . [it] may be pleaded in bar of a subsequent action." 76 C.J.S. Release § 44. This rule prevents circuity of action, "for the damages for breach of the covenant would exactly equal the amount of [recovery]." Simpson, Law of Contracts § 210 (2d ed. 1965). A covenant not to sue one of many tortfeasors operates in Kansas "as a discharge *pro tanto.*" *Symons v. Mueller Co.,* 526 F.2d 13, 19 (10th Cir. 1975) (citing Kansas cases).

■ To allow joinder of the covenantee under K.S.A. 60–258a(c) would be to nullify part of the consideration the covenantee receives for entering into such an agreement. The covenantee receives not only the assurance that no further claim can be made against him, but also freedom from the expense and inconvenience attendant to participation in a lawsuit. We would be loath to so obstruct this avenue of friendly compromise of claims; Kansas favors agreements of compromise and settlement entered into intelligently and in good faith. *Fieser v. Stinnett,* 212 Kan. 26, 509 P.2d 1156 (1973); *Rymph v. Derby Oil Co.,* 211 Kan. 414, 507 P.2d 308 (1973); *Connor v. Hammer,* 201 Kan. 22, 439 P.2d 116 (1968). We believe the covenant not to sue should preclude joinder of movant as a party defendant.

However, we do not believe that the denial of such joinder should lead to disproportionate liability on the part of defendants. Defendants' right to have their proportionate liability reduced by that attributable to others should not be defeated by plaintiff's voluntary decision to settle with other potential defendants. We specifically reject the result reached in such cases as *Mihoy v. Proulx,* 113 N.H. 698, 313 A.2d 723 (1973), where damages were apportioned only among actual defendants "and not . . potential defendants [who] will not be sued because of a covenant not to sue." 313 A.2d at 724. Such a rule allows a plaintiff by choosing whom to sue to avoid a proportionate judgment against an insolvent or "friendly" tortfeasor. We cannot find that this was the intent of the Kansas legislature in view of their inclusion of subsection

(c) in the comparative negligence statute. Also, such a rule could lead to a greater recovery by a plaintiff than that to which the jury finds him entitled. Even when Kansas retained the rule of joint liability for negligence, a court had to consider the terms of a covenant between a plaintiff and a joint tortfeasor and reduce the judgment against the party sued by the amount paid for the covenant. *Cullen v. Atchison, T. & S. F. Ry. Co.,* 211 Kan. 368, 507 P.2d 353 (1973); *Carlisle v. Woerner,* 149 Kan. 604, 89 P.2d 29 (1939).

We believe this principle must be carried over into the comparative negligence arena to preclude double or multiple recovery by a plaintiff. However, to adhere to the former procedure of applying the "credit" in a specific dollar amount against the judgment already taken against the named defendant(s) would be to perpetuate the principles of joint liability, and allow a plaintiff to do indirectly what he could not do directly. For example, a plaintiff injured by two tortfeasors, one of whom is insolvent, cannot avoid a worthless percentage recovery by choosing to sue only the solvent tortfeasor, for under K.S.A. 60–258a(c) the solvent defendant will certainly force joinder of the insolvent party. However, by settling with the insolvent party for a trifling sum, and executing a covenant not to sue, the plaintiff could argue that the insolvent party is no longer a party against whom recovery is allowed, K.S.A. 60–258a(d), and take recovery against the solvent defendant alone. Even if that defendant were subsequently credited with the amount paid for the covenant, he would still shoulder substantially the entire burden.

We believe a result more consistent with the intent of the Kansas Legislature can be attained by ascertaining the percentage of negligence attributable to the covenantee, and reducing the recovery against the named defendant(s) by that percentage. Such a procedure accords with the distinction we made in *Greenwood, supra,* between a plaintiff's voluntary and *in*voluntary choice not to sue a possible tortfeasor. If a plaintiff voluntarily chooses not to sue such

a person, as by execution of a covenant not to sue, he simply loses his right to recover against that person the percentage of the total award which corresponds to the percentage of negligence attributable to the party not sued. *See Pierringer v. Hoger*, 21 Wis.2d 182, 124 N.W.2d 106 (1963). While such a percentage-crediting procedure may introduce an element of risk into plaintiff's settlement negotiations with the non-party (that is, plaintiff is not guaranteed of recovery of 100% of the jury's award), the risk is certainly no greater than that which would inure were the named defendant(s) to join the party as an additional defendant under K.S.A. 60–258a(c).

Accordingly, we will sustain the motion of Blanche Nagunst as to her joinder in this case as a party defendant. If the jury finds her to have been guilty of causal negligence, however, any liability which attaches to defendants will be reduced proportionately.

In support of their efforts to join movant as an additional party defendant, defendants assert that the third party claim filed by defendant Western Union against movant for property damage to the Western Union vehicle satisfies the requirement of K.S.A. 60–258a(d) that recovery be allowed against more than one party. We believe that subsection must be read to refer only to recovery by a plaintiff against multiple defendants in the original action, and cannot be understood to imply any novel joinder procedure. Yet consideration of the third-party claim raises a question apart from the substantive law of comparative negligence. While movant does not specifically ask for dismissal of the third-party claim, she does question whether any procedural device sanctions the filing of the third-party claim here asserted since she cannot be brought into the action as a codefendant.

Third-party practice in the federal courts is controlled by Rule 14, Federal Rules of Civil Procedure, which allows a plaintiff to bring in a third party "who is or may be liable to him for all or part of the *plaintiff's claim* against him (emphasis supplied)." "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third party defendant the liability asserted against him by the original plaintiff." 6 Wright & Miller, Federal Practice and Procedure, Civil, § 1446, p. 257. "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* In the present case defendant Western Union brings an action arising from the same set of facts, the collision, but prays for damages other than those prayed for in plaintiff's original complaint. We believe this claim is improperly joined and must be dismissed. "[A] plaintiff may not assert a claim against a third-party defendant under Rule 14 to recover for his own injuries." Wright & Miller, *supra*, § 1444, p. 258. In point of fact, since movant cannot be kept a party to the main action, we can discern no joinder provision in the Federal Rules which would permit joinder of a separate claim of this nature against a non-party. Although the property damage claim arises from the same occurrence as the main claim in this case, we can ascertain no procedure or theory under which it may be entertained concurrently in this court. Accordingly, we must dismiss the third-party claim of defendant Western Union against Blanche Nagunst. We emphasize, however, that we do so reluctantly, and only after a thorough investigation of the procedural complexities of federal diversity jurisdiction. We realize that the dismissal of this claim will work a hardship on defendant Western Union, for it cannot as movant suggests "file an independent and separate action, and then move for a consolidation;" there is not the requisite amount in controversy to support a separate action in this court. More unfortunate, however, is the possibility the applicable statute of limitations has run on the claim so as to preclude filing it in any court. But see, K.S.A. 60–518, which would appear to give defendant Western Union six months' grace in this regard. Of course, had Blanche Nagunst been properly joined as a party defendant, this Court would have had ancillary jurisdiction over the property

damage claim, and it would have been properly joined under Rule 13(g).

However, we must balance this unfairness to defendant against the complete ouster of jurisdiction over the original suit, and indeed all similar negligence suits brought in this district, which would result were we to follow the joinder procedure of K.S.A. 60–258a(c) and allow joinder of a non-diverse party. Insofar as subsection (c) is procedural in nature, it is not binding upon this court. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Our decision today preserves to the greatest extent possible the substantive rights accorded parties by the Kansas comparative negligence statute while doing no violence to long-established rules of federal jurisdiction.

Accordingly, the motion of Blanche Nagunst for summary judgment is sustained. The property damage claim of defendant Western Union is dismissed.

IT IS SO ORDERED.