Candy THURSTON, et al., Plaintiffs,

v.

Leslie PAGE, D.O., et al., Defendants.

No. 95–2058–GTV.

United States District Court,
D. Kansas.

Sept. 17, 1996.

Michael E. Callen, Boddington & Brown, Chtd., Kansas City, KS, and William H. Pickett, and Gregory J. Abella, William H. Pickett, P.C., Kansas City, MO, for plaintiffs.

James D. Griffin, BK Christopher, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, M. Warren McCamish, Williamson & Cubbison, Kansas City, KS, Scott K. Logan, M. Bradley Watson, Logan & Logan, L.C., Prairie Village, KS, Cynthia J. Sheppeard, Weathers & Riley, Topeka, KS, Brian J. Niceswanger, McDowell, Rice, Smith & Gaar, Kansas City, MO, Ronald D. Heck, Heck, Hendrix & Wright, P.A., Topeka, KS, Kaylene Leiker, Havner & Leiker, Hays, KS, Robert P. Numrich, Evans & Dixon, Kansas City, MO, Martha M. Weast, Evans & Dixon, Leawood, KS, Jennifer K. Wilson, McDowell, Rice, Smith & Gaar, Kan-

sas City, KS, and Leigh C. Hudson, Hudson & Mullies, L.L.C., Fort Scott, KS, for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This matter is before the court on defendants' motion to require joinder of Patrick Dunlap as an indispensable party (Doc. 186) pursuant to Fed.R.Civ.P. 19(b). For the reasons set forth below, the motion is granted.

### I. Background

Plaintiffs named Dr. Patrick Dunlap as one of the original defendants in this medical malpractice action. To avoid a potential diversity jurisdiction problem, however, plaintiffs voluntarily dismissed Dunlap from the case on January 9, 1996 (Doc. 83). At the time, the remaining defendants did not argue that Dunlap's presence was necessary for a just adjudication.

On July 9, 1996, plaintiffs filed suit against Dunlap in the Circuit Court of Jasper County, Missouri. The claims asserted in the Missouri state court action are virtually identical to those that plaintiffs originally filed against Dunlap in this court. The remaining defendants maintain that any right to relief which plaintiffs may have against Dunlap arises out of the same events upon which defendants' alleged liability is premised. Consequently, defendants assert that Dunlap is an indispensable party to this action and that they will suffer substantial prejudice if he is not joined to the case.

### II. Discussion

■ The first determination the court must make in considering this motion is whether Dunlap is a necessary party under the provisions of Fed.R.Civ.P. 19(a). Rule 19(a)(2)(ii) states that a party should be joined in an action if his absence may "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." In the complaint filed in Jasper County Circuit Court, plaintiffs claim that Dr. Dunlap's malpractice is the proximate cause of their injuries. In the case at bar, plaintiffs allege that the remaining defendants (Galbraith, Nichols, Phelps, Schmidt, and Mercy Hospital) are entirely responsible for those identical injuries. These dual lawsuits create an environment ripe for both inconsistent judgments and double recovery.

Plaintiffs argue that the Kansas comparative negligence "phantom party" provision, K.S.A. § 60–258a(c), cures any potential prejudice. The court disagrees. It is true that the remaining defendants in this suit have indicated they will compare Dunlap's negligence regardless of his presence. See Hefley v. Textron, 713 F.2d 1487, 1496 (10th Cir. 1983) (discussing section 60–258a(c), "whereby the proportionate fault of tortfeasors who can not be made parties to the suit is nevertheless determined"). It is unlikely, however, that the "phantom party" concept will sufficiently protect Dunlap's interests in Jasper County Circuit Court. Nor will the statute adequately shield defendants in this action from excessive liability exposure if they subsequently are joined in the Missouri suit. The court has reviewed both Missouri's collateral estoppel jurisprudence and Kansas's one-action doctrine, and is not satisfied that a Missouri state court would impose sufficient restrictions on plaintiffs' state court suit to avoid the distinct possibilities of inconsistent judgments and double recovery. See generally Chavez v. Markham, 256 Kan. 859, 889 P.2d 122, 126–27 (1995); Helm v. Wismar, 820 S.W.2d 495, 498 (Mo.1991) (en banc). Accordingly, the court finds that Dunlap's joinder is essential for a just adjudication of this case.

■ Having determined that Dunlap is a necessary party, the court must now examine whether an order of joinder is "feasible" (i.e., whether naming Dunlap a co-defendant would deprive the court of subject-matter jurisdiction). Plaintiffs' complaint filed in Jasper County indicates that Dunlap is a Missouri citizen. Inasmuch as plaintiffs are also all Missouri citizens, joining Dunlap in this suit would defeat the court's subject-matter jurisdiction by eliminating complete diversity between parties. See Depex Reina 9 Partnership v. Texas Int'l Petroleum Corp., 897 F.2d 461, 463 (10th Cir.1990) ("diversity jurisdiction attaches only when all

parties on one side of litigation are of a different citizenship from all other parties on the other side of the litigation").

■ Because Dunlap's joinder is not "feasible," the court must determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable." Fed. R.Civ.P. 19(b). This rule enumerates a number of possible factors to be evaluated in balancing the equities. These include:

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id.* These factors are not mutually exclusive and none need be accorded any precise weight. *Glenny v. American Metal Climax, Inc.,* 494 F.2d 651, 653 (10th Cir.1974). In essence, the determination is committed "to the careful exercise of discretion by the district court." *Navajo Tribe of Indians v. New Mexico,* 809 F.2d 1455, 1471 (10th Cir. 1987).

Plaintiffs argue that a Rule 19(b) analysis should not be undertaken because the Kansas "phantom party" statute, K.S.A. § 60–258a(c), effectively trumps the federal statute. Citing *Greenwood v. McDonough Power Equip., Inc.,* 437 F.Supp. 707 (D.Kan.1977) for support, plaintiffs insist that an individual whose joinder would eliminate complete diversity can never be joined as a defendant, even under an "indispensable party" theory. Plaintiffs' analysis is flawed. In *Greenwood,* a Kansas citizen brought a federal diversity action against a non-Kansas citizen lawnmower manufacturer. The plaintiff's injuries were proximately caused not only by the manufacturer but by both the owner and operator of the mower as well. Because the owner and the operator were each Kansas citizens, however, the plaintiff did not join them in his suit. The manufacturer defendant then filed a Rule 19 motion seeking to have the owner and operator joined as indispensable parties. The court rejected the defendant's motion, holding that the "phantom party" provisions of section 60–258a(c) acted as a sufficient protection for the defendant against an award of disproportionate liability without defeating federal diversity jurisdiction. *Id.* at 711.

*Greenwood,* however, was not intended to deal with the situation in which multiple suits are pending in different forums. There was no corresponding state court action in *Greenwood,* and the risk of inconsistent judgments and double recovery was not imminent. Indeed, the plaintiff in that case had "forfeit[ed] any right of recovery against the owner and operator." *Id.* at 715.

In the instant action, plaintiffs could reap a potential windfall recovery if both cases are permitted to proceed in their current forums. Additionally, both Dunlap and the remaining defendants could be exposed to liability in excess of their culpability.

Another important factor discussed in Rule 19(b) is the adequacy of plaintiff's remedy if the action is dismissed. Plaintiffs could easily bring this suit in a Kansas state court. Not only would subject-matter jurisdiction be satisfied, but the court's own cursory analysis of the facts suggests that all defendants would be subject to personal jurisdiction in Kansas. The plaintiffs' problems with joining Dunlap in this federal court action would be negated.

Based on the foregoing analysis, the court finds that Dr. Dunlap is an "indispensable party" to this action. Because Dunlap's joinder would defeat the court's subject-matter jurisdiction, the court, pursuant to Fed. R.Civ.P. 19(b), dismisses the case without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion to require joinder of Patrick Dunlap (Doc. 186) is granted.

IT IS FURTHER ORDERED that this case is dismissed without prejudice.

**IT IS SO ORDERED.**